**Lucy Ullrich WILLIAMS, Relator,**

v.

**Honorable Wells STEWART, Respondent.**

**No. 1246.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 16, 1975.

William J. Rohrbach, Jr., Philip P. Mabry, Houston, for relator.

David Ball, Houston, for respondent.

CURTISS BROWN, Justice.

This is an original proceeding on an application for a writ of mandamus.

Lucy Ullrich Williams (Williams or relator) seeks a writ of mandamus to compel the Honorable Wells Stewart, Judge of the Court of Domestic Relations No. 1 of Harris County (respondent), to proceed to trial and judgment.

The instant proceeding arises out of a suit brought by Williams against Emmett A. Shields. The petition alleged that Shields was the natural father of a minor child born of Williams out of wedlock. The prayer sought support of the minor child and the medical and hospital expenses related to the birth of the child. Shields filed an answer consisting of a general denial and an allegation that Williams had failed to state a cause of action within the jurisdiction of the Court of Domestic Relations. He next filed a motion to dismiss the case, again alleging lack of jurisdiction of the claim. After a hearing on the motion, the trial court dismissed the suit with prejudice. The order of dismissal was signed by respondent on June 24, 1975.

In *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973), the United States Supreme Court held that the State of Texas may not discriminate between legitimate and illegitimate children by providing that the latter do not have the same legally cognizable right to support as the former. The Court of Domestic Relations of Harris County is given concurrent jurisdiction with the District Courts in "cases involving justiciable controversies and differences between spouses, or between parents, or between them, or one of them, and their minor children, or between any of these and third persons." Vernon's Tex.Rev.Civ.Stat. Ann. art. 2338–5, § 3 (1971). This statute also expressly provides for jurisdiction of independent actions including child custody and support of minors. The Family Code, Tex.Fam.Code Ann., V.T.C.A. (1975), as of the date of the institution of this suit, provides a method by which the legitimate minor child may obtain support. There is no question but that these procedures are within the jurisdiction of the Courts of Domestic Relations. We recognize the lurking problem of paternity that exists in cases of this sort. *See Gomez v. Perez, supra.* However, to say that the Court of Domestic Relations has no jurisdiction with regard to an illegitimate child seeking support, while it does have jurisdiction to determine support for a legitimate child, seems to fly in the face of the *Gomez v. Perez, supra,* decision as well as the fourteenth amendment (U.S.Const. amend. XIV).

Therefore, at least insofar as the petition sought an adjudication of paternity and child support, the case was within the jurisdiction of the Court of Domestic Relations No. 1 of Harris County.

■ The question, however, is whether relator is entitled to a writ of mandamus. Under Tex.Rev.Civ.Stat.Ann. art. 1824 (1964), this Court has the power to command a trial court to proceed to trial and judgment. We may, of course, require the trial court to exercise discretion. *Jones v. Smith,* 470 S.W.2d 305 (Tex.Civ.App.—

Houston [1st Dist.] 1971, no writ). However, we cannot require a trial judge to exercise discretion in any particular manner. *Jones v. Smith, supra.* Even if the trial court's action amounted to an abuse of discretion, Article 1824 does not give us power to correct abuses, even where there is no adequate remedy by appeal. *Johnson v. Court of Civil Appeals,* 350 S.W.2d 330 (Tex.Sup.1961); *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959).

■ In the instant case the trial court did not refuse to exercise discretion, rather it exercised discretion and found that it was without jurisdiction and entered judgment accordingly. The dismissal was an exercise of judicial discretion and we are without jurisdiction by way of mandamus to compel the respondent to vacate the judgment of dismissal and to try this case on the merits.

Petition for writ of mandamus denied.

Petition denied.