**Lucy Ullrich WILLIAMS, Appellant,**

v.

**Emmett A. SHIELDS, Appellee.**

**No. 1276.**

Court of Civil Appeals of Texas,
(14th Dist.).

Dec. 3, 1975.

William J. Rohrbach, Jr., Philip P. Mabry, Houston, for appellant.

David Ball, Jr., Houston, for appellee.

CURTISS BROWN, Justice.

This is a suit to establish paternity and obtain child support.

Lucy Ullrich Williams (appellant) brought suit against Emmett A. Shields (appellee) in a court of domestic relations in Harris County to have Shields declared to be the father of her child born out of wedlock, pay her medical and hospital expenses, and contribute to the support of the child. The court below held that it did not have jurisdiction to hear the cause of action, and dismissed the case.  Williams has perfected this appeal.

Appellant presents only one point of error, asserting that the trial court erred in holding that it did not have jurisdiction to determine issues regarding the paternity of an illegitimate child.

This case has previously been before us on an application for writ of mandamus. *See Williams v. Stewart,* 525 S.W.2d 710 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).  Although we held that on the facts before us Tex.Rev.Civ.Stat.Ann. art. 1824 did not give us the power to issue a writ of mandamus, we concluded in dictum that "at least insofar as the petition sought an adjudication of paternity and child support, the case was within the jurisdiction of the Court of Domestic Relations No. 1 of Harris County." 525 S.W.2d at 711.  This conclusion was based on the fact that under Tex.Rev.Civ.Stat.Ann. art. 2338–5, § 3

(1971) and the Texas Family Code the Court of Domestic Relations clearly has jurisdiction to hear cases in which legitimate children seek support; therefore, to hold that that court has no jurisdiction in cases where illegitimate children seek support would be contrary to the decision of the Supreme Court in *Gomez v. Perez*, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973) and to the Equal Protection Clause of the fourteenth amendment to the United States Constitution.

We adhere to our former view and hold that the Court of Domestic Relations No. 1 of Harris County had jurisdiction to hear this case. The judgment of the trial court is reversed and the cause remanded for a trial on the merits.

Reversed and remanded.