**James M. BILLS, Relator,**

v.

**Honorable Henry BRASWELL et al., Respondents.**

**No. 8395–P.**

Court of Civil Appeals of Texas, Texarkana.

March 4, 1976.

CHADICK, Chief Justice.

James M. Bills has filed a motion for leave to file, as an original proceeding in this court, a petition for writ of mandamus. Relator Bills heretofore filed an application in the County Court of Lamar County to probate the will of his mother, Inez Bills, deceased. H. E. Neblett filed a contest to the probate application and the proceeding was transferred to the District Court pursuant to Tex.Prob.Code Ann. Sec. 5. The matter became Cause No. 42029, In The Matter Of The Estate Of Inez Bills, deceased, on the docket of the Sixth Judicial District Court of Lamar County, Texas. The relief desired is that this court exercise jurisdiction granted by Tex.Rev.Civ.Stat. Ann. art. 1824 and issue a writ of mandamus directing the Honorable Henry Braswell, Judge of the mentioned District Court, to set aside an order sustaining a plea to the jurisdiction of that court and proceed to trial and judgment on the probate application. The judgment of the trial court clearly shows that relator Bills' application for probate, that is, Cause No. 42029, In The Matter Of The Estate Of Inez Bills, deceased, was dismissed and is not currently pending for trial in the court below.

In the trial court the parties urged different and inconsistent courses of action upon the trial judge. Relator Bills urged a trial on the merits, that is, probate of the proffered will. Respondent Neblett urged dismissal of the pending suit because a later

will had been probated in the State of Arkansas and the Courts of Texas, in a spirit of comity, should defer to the Courts of Arkansas in determining the true last will and testament of the decedent. After consideration of the alternatives, the trial judge opted to dismiss.

 The recent case of *Williams v. Stewart*, 525 S.W.2d 710 (Tex.Civ.App. Houston 14th Dist. 1975, no writ) dealt with a record where, for want of jurisdiction, the trial court had dismissed a suit with prejudice. On consideration of the whole record the appeals court concluded that the trial court actually had jurisdiction. Nevertheless, it further concluded that ordering dismissal was an exercise of judicial discretion. Whether or not in the instant case the judgment of the trial court was tantamount to sustaining a plea in abatement rather than a plea to the jurisdiction makes no decisive difference. An order merely sustaining a plea in abatement is, ordinarily, interlocutory and not appealable. However, the order here goes further; it dismisses relator's cause of action. An appellate court may by mandamus require a district judge to perform a ministerial duty but, even when an appeal will not afford an adequate remedy, acts of discretion are not subject to review or correction by mandamus. *Williams v. Stewart*, supra, and cases therein cited.

The decisive question here is whether or not the judgment entered is the product of a determination of an issue, or issues, the trial court had jurisdiction to decide. The record shows a hearing was held and the court considered whether or not it should defer to the Courts of Arkansas, etc. A decision was made that it should defer and the pending cause of action was dismissed. Since this court cannot in an Article 1824 mandamus proceeding review or correct error in the trial court's action, the application for leave to file is refused.

Refusal does not run counter to *Boswell v. Stewart*, 531 S.W.2d 380 (Tex.Civ.App. Houston 14th Dist. 1975, no writ), cited by the relator. The opinion in that case states that an order disposing of a petition in intervention was void and proceeds on the theory that such disposition was a nullity and dismissal under the circumstances was a refusal to proceed to trial and judgment.

Motion overruled.