**342**

Thomas W. McNEAR, Relator,

v.

Honorable Wells STEWART,
Respondent.

No. A2560.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 12, 1980.

Ben H. Schleider, Jr., Schleider, Ewing & Francis, Houston, for relator.

Wells Stewart, pro se.

J. D. (Bucky) Allshouse, Shaffer, Bennett & Allshouse, Mary Robbins, Woody & Rosen, Houston, for respondent.

Before J. CURTISS BROWN, C. J., and PRESSLER and JUNELL, JJ.

PRESSLER, Justice.

Relator seeks a writ of mandamus to compel Respondent, as Judge of the 308th District Court of Harris County, to proceed to trial and judgment in a divorce case in accordance with an allegedly binding stipulation entered into by the parties.

The matter out of which this proceeding arose came on for hearing on February 25, 1980. On that date a stipulation was entered into by the parties and approved by the court. In this stipulation the parties agreed to the characterization of certain property and obligations as belonging to their separate or community estates. The hearing was recessed until March 6, when additional testimony was heard, and then recessed again until March 14, and recessed again until April 1. On that date the court granted a divorce, decided the conservatorship of the children, set child support, and appointed a receiver. No final written judgment was entered. Sometime later a motion and order for substitution of counsel was filed by Mrs. McNear and approved by the court. A hearing was held before the court on June 18, to consider the motion of Mrs. McNear to withdraw the stipulation. No determination was made at that time and the matter was reset and came on for hearing on July 9, 1980. On that date the Court determined that all the material allegations in the pleadings were in issue and must be tried. However, the court did not withdraw the stipulation at that time. The Court merely stated that it wished to see

the authorities before ruling. The Relator's motion for entry of judgment was denied and he instituted this proceeding.

Relator argues that the stipulation entered into by the parties is binding not only on them but also upon the court. Relator seeks a writ of mandamus to prevent the Court from conducting a trial on the matters stipulated and to compel the court to proceed to trial and judgment in accordance with the stipulation.

Under Tex.Rev.Civ.Stat.Ann. art. 1824 (Vernon 1964), this court may issue a writ of mandamus to compel a trial court to proceed to trial and judgment in a cause. We may require the trial court to exercise its discretion, but we may not prescribe the particular manner in which that discretion should be exercised. *Johnson v. Court of Civil Appeals*, 162 Tex. 613, 350 S.W.2d 330, 331 (1961); *Williams v. Stewart*, 525 S.W.2d 710, 711 (Tex.Civ.App.–Houston [14th Dist.] 1975, no writ).

Whether setting aside the stipulation, or, in the absence of a formal withdrawal of the stipulation, trying this cause on the matters stipulated constitutes an abuse of discretion or whether the stipulation could be enforced as a contract, or judicial admission or otherwise cannot be determined in this limited original proceeding. The court has not refused to proceed to trial but has invited the parties to request a special trial setting. We are without jurisdiction by way of mandamus to prescribe the manner in which the case should be tried or the judgment to be entered. Therefore, the petition for the writ of mandamus is denied.