**Jim HARPER and Paul Stone, d/b/a J & P, Appellants,**

**v.**

**WELCHEM, INC., Appellee.**

**No. B14–89–00959–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 1, 1990.

R. Gilbert Shivers, Houston, for appellants.

Donald J. Horton, Edward L. Friedman, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, a partnership, appeals from an adverse judgment entered against it in a breach of contract action. In three points of error, appellant complains that the trial court erred in holding that appellant's status as an agent of a disclosed principal precluded it from bringing the action, that

Idaho law was determinative instead of Texas law, and that appellant lacked the requisite Interstate Commerce Commission authority to perform a trucking contract. We do not address the merits of these points raised by appellant because we find that the trial court has not rendered a final judgment and we, therefore, lack jurisdiction to decide this appeal.

The trial court's purported judgment, in the form of an order entered August 21, 1989, reads as follows:

### ORDER

On this ____ day of ____, 1989, came on to be heard Defendant's Motion for Summary Judgment or, in the Alternative, for Dismissal or Abatement for Lack of Standing. Having heard the argument of counsel, the Court is of the opinion that said Motion should be granted. It is therefore

ORDERED that Defendant's Motion for Summary Judgment *or, in the Alternative,* for Dismissal *or* Abatement for Lack of Standing is granted.

SIGNED this 21st day of August, 1989. (emphasis added)

The trial court failed to indicate whether the order was based on appellee's primary ground or one of the alternate grounds; however, a docket entry indicates a summary judgment was entered. Appellant filed a motion to clarify requesting the trial court to specify whether "summary judgment" *or* "dismissal or abatement" was granted. Appellee replied in its written response, and in oral argument, that the order "clearly indicates that *both* were granted." A plain reading of the order shows this to be incorrect. Analysis of this order yields four possible results due to its disjunctive phrasing: (1) summary judgment, (2) dismissal, (3) dismissal for lack of standing, or (4) abatement for lack of standing. Additionally, the order contains no words of decretal effect. Such obvious ambiguity leads us to conclude that the order is not a final judgment and requires us to dismiss the appeal for want of jurisdiction.

■ The uncertainty of the order was not briefed by appellant, but a court may consider, sua sponte, "the matter of its own jurisdiction, for jurisdiction is fundamental in nature and may not be ignored." *K & S Interests, Inc. v. Texas American Bank/Dallas,* 749 S.W.2d 887, 890 (Tex. App.—Dallas 1988, writ denied); *Marshall v. Brown,* 635 S.W.2d 578, 580 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). To be appealable, a judgment must be final. It must determine the rights of the parties and dispose of all issues so that no further action is required by the trial court. *Wagner v. Warnasch,* 156 Tex. 334, 338, 295 S.W.2d 890, 892 (1956). In other words, a judgment must conclude the controversy between the parties, must be definite and certain, and must protect the rights of the litigants. *Jones v. Springs Ranch Co.,* 642 S.W.2d 551, 553 (Tex.App.—Amarillo 1982, no writ). Further, the form of the judgment is not the controlling matter so long as certainty is achieved. *International Security Life Ins. Co. v. Spray,* 468 S.W.2d 347, 350 (Tex.1971). Here, the order is anything but certain.

■ The docket entry of summary judgment does not constitute rendition of judgment. *W.C. Banks, Inc. v. Team Inc.,* 783 S.W.2d 783, 785 (Tex.App.—Houston [1st Dist.] 1990, no writ). "Rendition of judgment is the judicial act by which the court declares the decision of the law upon the matters at issue." *Id.* (citing *Coleman v. Zapp,* 105 Tex. 491, 494, 151 S.W. 1040, 1041 (1912)). Once judgment is rendered, the subsequent reduction to writing is a purely ministerial act by which evidence of the judicial act is recorded. *Knox v. Long,* 152 Tex. 291, 295, 257 S.W.2d 289, 292 (1953). As we lack a statement of facts on the hearing, the only evidence of what was rendered is the order itself. Unfortunately, this order does not specify what judgment was intended. It does not, in fact, render a judgment; it merely attempts to grant alternative *motions.* We, as an appellate court, cannot choose one of the inconsistent alternatives for the trial court.

■ Judgments or court orders are to be construed in the same manner and are sub-

ject to the same rules of interpretation as other written instruments. The determinative factor is the intention of the court. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex.1971). If a judgment is unambiguous with no room for interpretation, it is our duty to declare its effect in light of the literal language used. *Ellis v. Mortgage and Trust, Inc.*, 751 S.W.2d 721 (Tex.App.—Fort Worth 1988, no writ). On the other hand, an ambiguous order is construed in light of the motion upon which it was granted. *Lone Star Cement Corp.*, 467 S.W.2d at 405; *Philbrook v. Berry*, 679 S.W.2d 651, 654 (Tex. App.—Houston [1st Dist.] 1984, orig. proceeding). The underlying motion in this case is of little help in guiding us to the true intent of the trial court.

The motion was entitled "Defendant's Motion for Summary Judgment or, in the Alternative, for Dismissal or Abatement for Lack of Standing." Appellee contended in its motion that appellant lacked standing to sue as an agent of a disclosed principal and requested the court to grant its verified plea in abatement. In the next paragraph, appellee, reversing the sequence of its titled alternative grounds, moved for a summary judgment on the ground that appellant could not legally perform the alleged contract due to a federal statutory prohibition. Appellee then ambiguously concluded the motion with the argument that "[d]efendant has clearly stated and shown that it has *two* valid and independent grounds upon which summary judgment should be granted" evidently referring to its legally distinguishable summary judgment ground and its plea in abatement ground. Appellee has combined an incorrectly phrased plea in abatement with a summary judgment in one motion which was granted in its entirety. This totally ignores the ramifications of these separate dispositions. Summary judgments, dismissals, and pleas in abatement are unique and each affects the underlying cause of action differently.

The alternative order in this case is somewhat analogous to the order at issue in *Chandler v. Reder*, 635 S.W.2d 895 (Tex. App.—Amarillo 1982, no writ) (opinion on

reh'g). There, the defendants moved for a summary judgment in a libel action. In the event summary judgment was refused, the defendants requested a partial summary judgment specifying controverted and uncontroverted facts and directing further proceedings as the court required. The plaintiff appealed from an oral pronouncement of summary judgment and the Amarillo court dismissed the appeal because the instrument signed by the trial court did not contain an actual judgment in its decretal portion. Even when the appellate court considered the written order in conjunction with the oral pronouncement, it found there was no final judgment. When the trial court granted the defendant's motion for summary judgment, it never specified which motion it was granting. Thus, there was the possibility that the trial court granted the summary judgment, as an adjudication on the merits, or it granted a partial summary judgment, which is an interlocutory order. The trial court did not "settle and declare the decision of the law as to either of the alternative grounds presented to the court by the [defendant's] motion." *Id.* at 897. Because the basis of the summary judgment was not specified and the alternative grounds were not disposed of, the trial court had not "rendered a final judgment sufficient to support an appeal." *Id.* Nor did the purported written judgment, lacking words of decretal effect, clarify the oral pronouncement. Similarly, the order before us cannot pass muster as a final judgment because it does not specify which of the alternative grounds for judgment it granted and it lacks decretal effect.

 Here, the court granted "Defendant's Motion for Summary Judgment *or*, in the Alternative, for Dismissal *or* Abatement for Lack of Standing." The language in the order indicates the possibility that the suit was abated. If this suit was merely abated, it was never dismissed. Once abated, a "trial court *must*, in order to render an appealable judgment, enter an order dismissing the case." *Sizzler Family Steak Houses v. Nuss*, 444 S.W.2d 843, 845 (Tex.Civ.App.—Houston [14th Dist.]

1969, no writ). Here, "dismissal *or* abatement" was requested. If appellant could not cure the alleged lack of standing, the correct method of disposing of the suit would be through abatement *followed by* dismissal. The use of a plea in abatement to dispose of litigation is not to be encouraged. *Hatfield v. City of Port Arthur,* 598 S.W.2d 669 (Tex.Civ.App.—Beaumont 1980, no writ). An order that merely sustains a plea in abatement is interlocutory and not appealable. *Bills v. Braswell,* 534 S.W.2d 434, 435 (Tex.Civ.App.—Texarkana 1976, orig. proceeding). Thus, this order fails due to its disjunctive phrasing.

The general rule is that Texas appellate courts only have jurisdiction over final judgments unless an interlocutory order is specifically made appealable by statute. *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966). Sustaining a plea in abatement is not appealable by statute. *SEE* TEX.CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon 1986). The general presumption that the trial court intended to, and did dispose of, all parties to the suit and all issues raised by the pleadings does not apply to inherently interlocutory orders such as partial summary judgments and dispositions that do not adjudicate the issues before the court such as nonsuits and pleas in abatement. *Zellers v. Barthel,* 727 S.W.2d 364, 365 (Tex.App.—Fort Worth 1987, no writ).

We have no jurisdiction to hear an appeal from an interlocutory order except to declare its interlocutory nature and to dismiss the appeal. *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 478, 304 S.W.2d 265, 266 (1957). Due to the interlocutory nature of its alternate provision, to its patently ambiguous character, and its internally inconsistent dispositions, we hold that the order is unenforceable and does not constitute a final judgment. Consequently, we dismiss the appeal for want of jurisdiction.