TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00179-CV






Li Yu, Administrator of Estate of Wei Y. Wu, Appellant



v.



Byron D. Neely, M.D.; Texas Neurosurgery, L.L.P.; Demetrius F. Loukas, M.D.; and St.
David's Medical Center, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. GN003531, HONORABLE DARLENE BYRNE, JUDGE PRESIDING 






PER CURIAM


 Appellant Li Yu filed a notice of appeal from the trial court's order abating the
underlying medical malpractice cause for ninety days. The court abated the cause because it found
that appellant was attempting to act as counsel for the estate and for a minor child without being
licensed to practice law in any jurisdiction. The court informed appellant that if she did not obtain
counsel, her pleadings were subject to being stricken, which ultimately could result in dismissal of
her suit. (1) Such an abatement order is interlocutory.

 Unless an interlocutory appeal is specifically authorized by statute, this Court has no
jurisdiction; our jurisdiction is limited to final judgments. See Qwest Communications Corp. v. AT
& T Corp., 24 S.W.3d 334, 335 (Tex. 2000); Northeast Indep. Sch. Dist. v. Aldridge, 400 S.W.2d
893, 895 (1966). An order of abatement is not such an interlocutory appeal. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (West Supp. 2001) (not enumerated as permissible interlocutory appeal);
Harper v. Welchem, Inc., 799 S.W.2d 492, 496 (Tex. App.--Houston [14th Dist.] 1990, no writ)
(order granting abatement not appealable); Bills v. Braswell, 534 S.W.2d 434, 435 (Tex. Civ.
App.--Texarkana 1976, no writ) (same). Accordingly, it appeared from the initial review of the
record that this appeal should be dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a).

 This Court informed appellant of the problem by letter, giving her ten days to
respond. Tex. R. App. P. 42.3 (involuntary dismissal after ten days notice). The letter also informed
her of a second problem with the appeal. The clerk's record showed a filemark date of April 9, 2001
for the filing of the notice of appeal in the district clerk's office. If an interlocutory order is
appealable, it is an accelerated appeal, and the notice of appeal is due twenty days after the judgment. 
Tex. R. App. P. 26.1(b), 28.1. The order of abatement was signed March 16, 2001, making the
notice of appeal due April 5, 2001 and the April 9 filing late. Appellant stated in her docketing
statement that she mailed the notice of appeal April 2, 2001. Under the "mailbox rule" if a document
is properly mailed on or before the last date for its filing, and if it is received within ten days of the
deadline, it is considered timely. See Tex. R. App. P. 9.2. Because appellant stated that the notice
of appeal was mailed before the deadline and because it was actually received within ten days of the
deadline, the letter requested that she provide appropriate proof of mailing. Tex. R. App. P.
9.2(b)(2).

 Appellant's response to the court's two-part letter supplies no authority for an appeal
from the order of abatement. Her response refers to the abatement order as having effectively
dismissed her case. She appears not to have understood the trial court's discussion at the hearing
that if she failed to comply with the order by the end of the ninety-day period, then she would be at
risk of having her cause dismissed, but that she had ninety days to comply before anything further
would happen in her case. In response to the request for proof of mailing, appellant simply responds
that she mailed the notice of appeal on April 2, 2001 but that she did not choose to accelerate her
appeal. Interlocutory appeals are accelerated by rule, not by appellant's choice. See Tex. R. App.
P. 28.1 (when allowed, interlocutory appeals will be accelerated).

 Appellant having been given notice of the defects with her appeal and the opportunity
to cure, the appeal is dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a).


Before Justices Kidd, B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: May 31, 2001

Do Not Publish
1. According to the reporter's record from the hearing at which the court abated the appeal, the
court had encountered this problem with appellant in another proceeding. Appellant asked if the
order was appealable; the court told her that the abatement was not appealable, that only if the court
struck her pleadings and dismissed her suit would she have an appealable order.



1">



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. GN003531, HONORABLE DARLENE BYRNE, JUDGE PRESIDING 






PER CURIAM


 Appellant Li Yu filed a notice of appeal from the trial court's order abating the
underlying medical malpractice cause for ninety days. The court abated the cause because it found
that appellant was attempting to act as counsel for the estate and for a minor child without being
licensed to practice law in any jurisdiction. The court informed appellant that if she did not obtain
counsel, her pleadings were subject to being stricken, which ultimately could result in dismissal of
her suit. (1) Such an abatement order is interlocutory.

 Unless an interlocutory appeal is specifically authorized by statute, this Court has no
jurisdiction; our jurisdiction is limited to final judgments. See Qwest Communications Corp. v. AT
& T Corp., 24 S.W.3d 334, 335 (Tex. 2000); Northeast Indep. Sch. Dist. v. Aldridge, 400 S.W.2d
893, 895 (1966). An order of abatement is not such an interlocutory appeal. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (West Supp. 2001) (not enumerated as permissible interlocutory appeal);
Harper v. Welchem, Inc., 799 S.W.2d 492, 496 (Tex. App.--Houston [14th Dist.] 1990, no writ)
(order granting abatement not appealable); Bills v. Braswell, 534 S.W.2d 434, 435 (Tex. Civ.
App.--Texarkana 1976, no writ) (same). Accordingly, it appeared from the initial review of the
record that this appeal should be dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a).

 This Court informed appellant of the problem by letter, giving her ten days to
respond. Tex. R. App. P. 42.3 (involuntary dismissal after ten days notice). The letter also informed
her of a second problem with the appeal. The clerk's record showed a filemark date of April 9, 2001
for the filing of the notice of appeal in the district clerk's office. If an interlocutory order is
appealable, it is an accelerated appeal, and the notice of appeal is due twenty days after the judgment. 
Tex. R. App. P. 26.1(b), 28.1. The order of abatement was signed March 16, 2001, making the
notice of appeal due April 5, 2001 and the April 9 filing late. Appellant stated in her docketing
statement that she mailed the notice of appeal April 2, 2001. Under the "mailbox rule" if a document
is properly mailed on or before the last date for its filing, and if it is received within ten days of the
deadline, it is considered timely. See Tex. R. App. P. 9.2. Because appellant stated that the notice
of appeal was mailed before the deadline and because it was actually received within ten days of the
deadline, the letter requested that she provide appropriate proof of mailing. Tex. R. App. P.
9.2(b)(2).

 Appellant's response to the court's two-part letter supplies no authority for an appeal
from the order of abatement. Her response refers to the abatement order as having effectively
dismissed her case. She appears not to have understood the trial court's discussion at the hearing
that if she failed to comply with the order by the end of the ninety-day period, then she would be at
risk of having her cause dismissed, but that she had ninety days to comply before anything further
would happen in her case. In response to the request for proof of mailing, appellant simply responds
that she mailed the notice of appeal on April 2, 2001 but that she did not choose to accelerate her
appeal. Interlocutory appeals