

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00156-CR

| | | |
|---|---|---|
| April Hope Whitson | § | From the 90th District Court |
| | § | of Young County (08376) |
| v. | § | March 14, 2013 |
| | § | Opinion by Justice Gardner |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Anne Gardner



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00156-CR

APRIL HOPE WHITSON                                                 APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

----------

### MEMORANDUM OPINION[1]

----------

### Introduction

Appellant April Hope Whitson pleaded guilty to the second-degree felony of burglary of a habitation.[2] The trial court deferred a finding of guilt and placed her on community supervision. After extending Appellant's community supervision two times, the trial court adjudicated Appellant guilty and sentenced

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 30.02(a)(3), (c)(2) (West 2011).

her to eight years' confinement. Appellant asserts in two issues that the trial court lacked jurisdiction to revoke her community supervision because the State had filed its third motion to adjudicate her guilt after her community supervision had expired. We affirm.

## Applicable Law

When the trial court defers adjudication of a defendant's guilt and places the defendant on community supervision, the trial court retains jurisdiction over the defendant for the duration of community supervision imposed and may modify the community supervision.[3] *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5(a), (b), 20, 22 (West Supp. 2012). "The judge may extend a period of community supervision on a showing of good cause under this section as often as the judge determines is necessary, but the period of community supervision in a first, second, or third degree felony case may not exceed 10 years . . . ." *Id.* art. 42.12, § 22(c); *see id.* art. 42.12, § 5(a).

At the expiration of the period of community supervision imposed, the trial court, if it has not proceeded to an adjudication of guilt, must "dismiss the proceedings against the defendant and discharge him." *Id.* art. 42.12, § 5(c). The trial court, however, retains jurisdiction to proceed with an adjudication of guilt, despite the expiration of the term of community supervision imposed, "if

---

[3]The code of criminal procedure states that "community supervision" includes deferred adjudication. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 2(2)(A) (West Supp. 2012).

before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant." *Id.* art. 42.12, § 5(h); *see id.* art. 42.12, §§ 21(c) (West Supp. 2012), 22(c); *see also In re Hancock*, 212 S.W.3d 922, 929 (Tex. App.—Fort Worth 2007, orig. proceeding).

## Factual and Procedural Background

On April 5, 2002, Appellant pleaded guilty pursuant to a plea bargain to the second-degree felony offense of burglary of a habitation. The trial court deferred a finding of guilt and placed Appellant on community supervision for five years. The trial court's order listed April 5, 2002, as both the judgment date and the "date to commence."

On January 21, 2005, the State filed a motion to adjudicate Appellant guilty, alleging that she had violated several conditions of her supervision. On March 28, 2006, the trial court ordered that Appellant's conditions of supervision be "amended and extended for a period of 1 year, with said community supervision to henceforth terminate on the 6th day of April 2008."

In March 2008, the State filed a second motion to adjudicate Appellant guilty, alleging that she had violated several conditions of her supervision. On March 31, 2008, the trial court ordered the Young County District Clerk to issue a capias for Appellant's arrest, and the district clerk did so that same day. On July 18, 2008, the trial court ordered that Appellant's conditions of supervision be

4

"amended and extended for a period of 18 months, with said community supervision to henceforth terminate on the 6th day of October 2009."[4]

The State subsequently filed a third motion to adjudicate Appellant's guilt, which is file-stamped October 5, 2009. On October 5, 2009, the trial court ordered the district clerk to issue a capias for Appellant's arrest, which the district clerk did that same day.

On January 31, 2011, the trial court held a hearing on the State's motion to adjudicate Appellant's guilt. Appellant pleaded true to the State's allegations, and after both sides presented evidence, the trial court adjudicated Appellant guilty and sentenced her to eight years in prison.

Appellant timely filed a motion for new trial on February 23, 2011, and an amended motion for new trial on March 2, 2011. On March 4, 2011, Appellant filed a Plea to the Jurisdiction and Motion to Vacate Judgment and Sentence, which provided in part:

> The deferred adjudication for [Appellant] expired at midnight on October 4, 2009, which is seven years and six months following her plea of April 5, 2002.

---

[4]The order also stated in a subsequent paragraph that Appellant's community supervision was "extended for a period of 1 year, . . . to henceforth terminate on the 6th day of October 2009"; however, as discussed in the opinion below, Appellant acknowledges that "[t]he addition of the incorrect termination language of October 6, 2009 indicates that the additional time was intended to be a period of eighteen months rather than a one year period," although she qualifies that "the termination language is a miscalculation of the end of the probation term as recited by previous cases and not a reflection of an assessment of a 'plus two days' additional period of probation."

5

Following the expiration of the deferred adjudication, the court lost jurisdiction to take any further action with regard to the case, unless at the time the deferred expired, there had been a motion to proceed to adjudicate in this case. The filing that occurred on October 5, 2009 was too late. See the case of *Nesbit v. State*, 227 S.W.3d 64 (Tex. Crim. App. 2007) attached hereto.[5]

On March 23, 2011, the trial court conducted a hearing on Appellant's plea to the jurisdiction. A portion of the hearing is as follows:

THE COURT: What about that the order that extended, both of them, specifically gave a date that it was extended to? One was April 6th of 2008 and the other one wasn't until October 6th of 2009 specifically set forth in the order.

[DEFENSE COUNSEL]: Our position on that, Your Honor, is that that is a -- what the Court was doing was calculating what the year -- or in one instance a year and another instance of eighteen months. And that because of the fact that the Court did not extend the probation, for example, one year and two days, or eighteen months and two days, in other words the --

THE COURT: You're saying the one year prevails over the specific date. Right?

[DEFENSE COUNSEL]: Yes. That's exactly what I'm saying.

THE COURT: Okay.

[DEFENSE COUNSEL]: That in a dispute [where there] appears to be -- you know, if they can't be both the same, that it's

---

[5]In *Nesbit*, the court of criminal appeals granted the State's petition for discretionary review that asked, "How should the date of the expiration of a period of community supervision be calculated?" *See id.* at 67. The court of criminal appeals held that a period of supervision includes the first day in which "restrictions upon freedom operate" and excludes the anniversary date. *Id.* at 69. For instance, the trial court placed Nesbit on community supervision for ten years, beginning on April 29, 1994. *Id.* at 66. The court of criminal appeals held that the State filed its April 29, 2004 revocation motion one day too late. *See id.* at 69.

the year's extension and that that was recognized by the state that it was a matter of two years and six months extension. It was not a matter of two years, six months, and two days. Because since the *Nesbit* case came down in '07, that's clearly been the law as to when a probation would end.

THE COURT: All right. Thank you. [The State.]

[STATE]: Your Honor, I don't know of any authority that [defense counsel] is citing saying that the eighteen months takes precedence over the specific date in the Court's order, and that's not addressed in *Nesbit*.

. . . [U]nder *Nesbit*, the state would have had to have filed its motion prior to midnight on October the 5th of '09, and that's exactly what the state did, Your Honor, and we're saying the Court did not lose jurisdiction.

The trial court took the issue under advisement and several days later issued a letter stating, "After careful consideration of the above referenced cause of action, please be advised that the Plea to the Jurisdiction is hereby denied."

**The Parties' Positions**

Appellant asserts in two issues that the trial court lacked jurisdiction to revoke her community supervision because the State filed its adjudication motion after her period of community supervision had ended. In her first issue, Appellant asserts that the State filed its motion "one day after the seven and one half year period of probation ended," and in her second issue, she asserts that the State filed its motion "over six months after the seven year period of probation ended." Appellant explains these alternative arguments by noting that the trial court's second extension order contains contradictory language; that is, the first paragraph of the trial court's order stated that it was extending Appellant's

7

community supervision "for a period of 18 months, . . . to henceforth terminate on the 6th day of October 2009," while the order's final paragraph stated that it was extending Appellant's community supervision "for a period of 1 year, . . . to henceforth terminate on the 6th day of October 2009."

We overrule Appellant's second issue because she acknowledges on appeal: "The addition of the incorrect termination language of October 6, 2009 indicates that the additional time was intended to be a period of eighteen months rather than a one year period . . . ."[6]  Additionally, at the plea to the jurisdiction hearing, Appellant stated,

> The first paragraph refers to an eighteen-month extension, and then the actual order itself only extends the period for one year, and then picks up on this 6th day of October.  And, again, that extension, whether it was for one year or for eighteen months -- and we're not contending that it was -- it was understood by everybody to be an eighteen-month extension, but at the eighteenth month, which is not eighteen months and two days of an extension.
>
> As to the remaining issue, Appellant contends that she was
>
> assessed a total sentence of seven years and six month[s] of community supervision, deferred adjudication, beginning April 5, 2002.  The ending date is calculated under the case of *Nesbit v. State*, *infra*, to be October 4, 2009.  The [m]otion to adjudicate was filed on October 5, 2009.

While Appellant acknowledges that the trial court extended her five-year community supervision two times and entered definite termination dates—that is,

---

[6]Appellant qualifies, however, that "the termination language is a miscalculation of the end of the probation term as recited by previous cases and not a reflection of an assessment of a 'plus two days' additional period of probation."

8

the trial court extended Appellant's community supervision once for one year to end on April 6, 2008, and once for eighteen months to end on October 6, 2009— she characterizes the April 6, 2008 termination language as "a clerical error based on an incorrect calculation of the one year ending date," and she characterizes the October 6, 2009 termination language as "a miscalculation of the end of the probation term as recited by previous cases and not a reflection of an assessment of a 'plus two days' additional period of probation."

The State asserts that the trial court possessed jurisdiction to hear the State's adjudication motion because the motion was filed before the period of supervision expired. The State argues that

> [t]he second order amend[ing] the conditions of the Appellant's community supervision and extending the period of community supervision clearly stated that the period of community supervision would terminate on October 6, 2009, and the State filed its motion to proceed to adjudicate on October 5, 2009. This specific expiration date, which the trial court had authority to order, was unrelated to the issue of the "anniversary date" of the period of community supervision, and the holding of the Texas Court of Criminal Appeals in *Nesbit v. State*, 227 S.W.3d 64 (Tex. Crim. App. 2007), did not apply.

The State asserts that *Nesbit* addressed the situation where a set time period of community supervision was stated in an order granting community supervision and that, here, the trial court's orders stated specific expiration dates for the extended periods of community supervision. The State contends that the specific expiration dates of April 6, 2008, and October 6, 2009, in the trial court's two orders controlled over the more general statements that the period of community

9

supervision expired after an additional one year and an additional eighteen months.[7]  The State asserts that these specific expiration dates do "not require calculation and [are] irrelevant to the issue of the 'anniversary date' of the period of community supervision, and the holding in *Nesbit* does not apply."  The State further contends that "the only limit on the length of community supervision in this case was the 10-year limit provided in Article 42.12, Section 5(a), and Article 42.12, Section 22(c) of the Texas Code of Criminal Procedure" and that "[c]onsequently, the trial court had authority to extend the period of community supervision for 1 year, 1 year and 2 days, 18 months, and 18 months and 2 days, as long as the total period of community supervision did not exceed 10 years."

### Analysis

In *Nesbit*, Nesbit was placed on "regular" community supervision or probation for ten years, beginning on April 29, 1994.  227 S.W.3d at 65–66.  The State filed a motion to revoke probation on April 29, 2004.  *Id.*  Nesbit filed a motion to quash the revocation motion, claiming that the trial court did not have jurisdiction because the motion was filed one day too late.  *Id.* at 66.  The trial court, "admitting that the legal issue was not settled," denied that motion, revoked Nesbit's probation, and sentenced him to ten years in prison.  *Id.*  Nesbit appealed, and the court of appeals agreed with his argument and reversed the

---

[7]Citing section 311.026 of the government code, the State advises that this "is analogous to the rule of law that a specific statutory provision controls over a general one."  *See* Tex. Gov't Code Ann. § 311.026 (West 2005).

trial court. *Id.* at 67. The State filed a petition for discretionary review, asking

"[h]ow should the date of the expiration of a period of community supervision be

calculated?" *Id.* In affirming the court of appeals, the court held,

> The operative rule is that the duration of a time period during which a person suffers specified restrictions upon his freedom by virtue of either a sentence of imprisonment or community supervision includes the first day in which such restrictions upon freedom operate and excludes the anniversary date. The same day cannot be double counted. This rule is logical, fair, and in accord with prior precedent construing the Code Construction Act.

*Id.* at 69 (footnotes omitted). The court of criminal appeals noted that it

"necessarily reject[ed] the State's argument that [Nesbit] [was] required to serve

ten years and a day when he was placed on community supervision for exactly

ten years, no more, no less." *Id.* at 69.

We agree generally with the State's position and conclude that the holding

in *Nesbit* does not apply to the scenario presented in this case; that is, *Nesbit*

addressed a community supervision order that did not specifically state a

termination date, and it held that the period of supervision is calculated by

including the first day in which "restrictions upon freedom operate" and by

excluding the anniversary date. We do not read *Nesbit* to apply generally to

cases, such as this one, in which the trial court's order sets out a termination

date for the community supervision period that leaves no need for calculation.

Indeed, in acknowledging that it had "not always been clear on the duration of a

time period for purposes of a term of community supervision or probation," the

*Nesbit* court discussed only cases in which a period of supervision was stated

11

but a specific expiration date was not given.[8]   227 S.W.3d at 68–69.  In other words, we agree with the State that in situations such as this one where "a specific expiration date is stated, this date controls.  This specific expiration date does not require calculation and is irrelevant to the issue of the 'anniversary date' of the period of community supervision, and the holding in *Nesbit* does not apply."

To the extent it could be argued that the inclusion of both a period of community supervision and a termination date for the community supervision period created a conflict in the order, we note our sister court's analysis in a similar case.  *See State v. Crecy*, No. 05-11-01003-CR, 2012 WL 2106534, at *1–3 (Tex. App.—Dallas June 12, 2012, pet. ref'd) (mem. op., not designated for publication).  Crecy was placed on community supervision on March 4, 2005, for five years.  *Id.* at *1.  In June 2009, the trial court amended and extended Crecy's term of community supervision "for a period of one year, beginning March 4, 2005 for five years probation and then extended to end March 4, 2011."  *Id.*  The State filed a motion to revoke Crecy's community supervision on March 3, 2011, but the clerk did not issue a capias for his arrest until the next day.  The trial court

---

[8]Additionally, although the *Nesbit* court did not specifically address the issue, Nesbit was sentenced to the maximum term of community supervision of ten years, meaning the *Nesbit* court was addressing a circumstance in which Nesbit's term of community supervision was being interpreted by the State to be a period of ten years and one day, a period beyond the statutorily-allowed maximum.  *See* Tex. Code Crim. Proc. Ann. art. 41.12, §§ 5(a), 22(c); *Nesbit*, 227 S.W.3d at 70 (Keller, P.J., concurring).  Appellant's term of community supervision in this case, even after being twice extended, does not implicate the statutory ten-year limit.

revoked Crecy's community supervision and sentenced him to time in a state jail facility. *Id.* In a motion for new trial, Crecy relied on *Nesbit*, argued that the anniversary date of his community supervision was March 3, 2011, and contended that the trial court therefore lacked jurisdiction to revoke his community supervision because he was no longer on community supervision on March 4, 2011, when the capias issued. *Id.* The trial court observed that the provisions in the order conflicted, concluding that it was unrealistic to think the court, which was the same judge in each of the orders, would extend the community supervision one year and one day yet specify in the order that the period was extended for one year. *Id.* at *2. Thus, the trial court granted Crecy's motion for new trial. *Id.*

The State appealed, and the court of appeals held,

> We agree with the trial court that there is a conflict in the provisions of the June 4, 2009 order that extended Crecy's community supervision. It is not clear under a plain reading of the order whether the trial court intended to extend Crecy's community supervision for one year—through March 3, 2011, as Crecy contends—or for one year and one day, through March 4, 2011, as the State contends. And a determinative factor in construing a court order is the intention of the court. *See Harper v. Welchem, Inc.*, 799 S.W.2d 492, 495 (Tex. App.—Houston [14th Dist.] 1990, no writ).

> The State is asking that we overrule a trial court's interpretation of its own order—that is, to overrule a court's determination of its own intentions. . . . The trial court stated in its June 4, 2009 order that Crecy's community supervision was extended "for a period of one year." From this, the trial court reasonably could determine that it extended Crecy's community supervision for only one year and, under *Nesbit*, that period ended on March 3, 2011.

13

. . . .

Giving great deference to the trial court's interpretation of its own order, we conclude the court did not abuse its discretion in granting Crecy a new trial. We affirm the trial court's order.

*Id.* at *2–3.

We note that even if we were to follow the rationale in *Crecy*, we would nonetheless affirm the trial court's judgment. That is, to the extent it could be argued in the instant case that there is a conflict in the trial court's July 2008 order, the issue would be whether the trial court intended to extend Appellant's community supervision until October 6, 2009, as the State contends, or for a period of eighteen months—through October 4, 2009 under *Nesbit*—as Appellant contends.[9] After considering the parties' arguments on this issue as quoted above, the trial judge (who was the same judge who also entered each of the extension orders) denied Appellant's plea to the jurisdiction, thereby impliedly finding that it had intended by its prior order that Appellant's community supervision period would expire on October 6, 2009. *See id.* at *2 (deferring to trial court's interpretation of its own order). Under this analysis, we would defer to the trial court's interpretation of its own prior orders and hold that the State timely filed its adjudication motion on October 5, 2009, and that the district clerk timely filed a capias for Appellant's arrest that same date.

_____

[9]We express no opinion as to whether October 4, 2009, or an earlier date would have been the termination date under *Nesbit*, as this issue is not determinative to our decision.

14

Under both our primary analysis and our alternative analysis under *Crecy*, we hold that the trial court had jurisdiction to revoke Appellant's community supervision.  We overrule Appellant's two issues.

## Conclusion

Having overruled Appellant's two issues, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 14, 2013