**Opinion issued September 1, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00001-CV

_____

**DATTA TOSHIHIRO DOUGHERTY, Appellant**

**V.**

**BSI FINANCIAL SERVICES, INC., Appellee**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-80383**

---

## MEMORANDUM OPINION

Appellant, Datta Toshihiro Dougherty, filed a notice of appeal from the trial court's December 2, 2019 order granting the plea in abatement of appellee, BSI Financial Services, Inc. In its order, the trial court also abated the trial court proceedings because appellant had previously filed suit based on the same conduct,

and against the same parties, which was currently pending in the United States District Court for the Southern District of Texas.[1]

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. Here, appellant has attempted to appeal from the trial court's December 2, 2019 interlocutory order granting appellee's plea in abatement and abating the case. *See Harper v. Welchem, Inc.*, 799 S.W.2d 492, 495–96 (Tex. App.—Houston [14th Dist.] 1990, no writ) ("An order that merely sustains a plea in abatement is interlocutory and not appealable."); *see also Rakowitz v. Pittman*, No. 04-17-00380-CV, 2017 WL 3495130, at *1 (Tex. App.—San Antonio Aug. 16, 2017, no pet.) (mem. op.) (order abating claims "is an interlocutory order"). There is no statute authorizing an interlocutory appeal from the trial court's December 2, 2019 order. *See Harper*, 799 S.W.2d at 496 ("Sustaining a plea in abatement is not appealable by statute."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Rakowitz*, 2017 WL 3495130, at *1; *Yu v. Neely*,

---

[1] Appellant previously filed suit, captioned *Datta Toshihiro Dougherty v. BSI Financial Services, Inc. and U.S. Bank, N.A.*, Cause No. 2019-62462, in the 451st District Court of Harris County, Texas. Defendants in that cause of action removed the case to the Southern District of Texas, Houston Division, Civil Action H-19-3037.

No. 03-01-00179-CV, 2001 WL 578808, at *1 (Tex. App.—Austin May 31, 2001, no pet.) (not designated for publication).

On July 28, 2020, this Court notified appellant that we lack jurisdiction and directed appellant that, unless a response was provided within ten days, in writing, demonstrating that this Court has jurisdiction of the appeal, the appeal would be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

The Court's July 28, 2020 notice further advised appellant that the record indicated that her notice of appeal may not have been timely filed. Because appellant's appeal is of an interlocutory order, any notice of appeal was due within twenty days of the date of the order being appealed. *See* TEX. R. APP. P. 26.1(b), 28.1 (designating interlocutory appeals as "accelerated"). Because the trial court's order granting appellee's plea in abatement, and abating the case, was signed on December 2, 2019, appellant's notice of appeal was due on December 23, 2019. Appellant's notice of appeal was not filed until December 30, 2019. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

Appellant failed to respond to the Court's July 28, 2020 notice. Accordingly, the appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

3

Panel consists of Justices Keyes, Lloyd, and Landau.