**Affirmed and Opinion filed June 20, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00599-CV

---

### MELANIA ESTELA RIVERA BONILLA, Appellant

### V.

### SHAFAII INVESTMENTS, LTD., Appellee

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1182146**

---

## O P I N I O N

In this appeal from a county civil court at law's judgment in the de novo appeal of a forcible-detainer action, appellant argues that (1) this court lacks appellate jurisdiction because the trial court's order purporting to rule on two post-judgment motions is unenforceable; and (2) the evidence is legally and factually insufficient to support a finding that appellee complied with statutory notice requirements. Concluding that the unenforceable order does not deprive us of appellate jurisdiction and that appellant's insufficiency arguments lack merit, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Shafaii Investments, Ltd. filed a forcible-detainer action in the justice of the peace court against appellant/defendant Melania Estela Rivera Bonilla ("Rivera") for possession of the premises ("Premises"). The justice court rendered judgment that Shafaii have possession of the Premises. Rivera appealed to the county civil court at law ("county civil court") for a trial de novo.[1] A jury found that Shafaii is entitled to possession of the Premises. The county civil court signed a final judgment ordering that Shafaii have possession of the Premises.

Rivera timely filed a motion for new trial ("New Trial Motion") and a motion for judgment notwithstanding the verdict ("JNOV Motion"). Within sixty days of the date of judgment, the county civil court signed a proposed order that Rivera had submitted containing language granting either of her motions (the "Order"). The word "DENIED" appears in red ink on the Order next to the county civil court's signature. Rivera timely superseded the county civil court's final judgment and timely perfected this appeal.

---

[1] A constitutional county court has appellate jurisdiction in civil cases over which the justice courts have original jurisdiction, including forcible entry and detainer suits, in cases in which the judgment appealed from or the amount in controversy exceeds $250, exclusive of costs. *See* Tex. Gov't Code Ann. §§ 26.042(e), 27.031(a)(2); *Weeks v. Hobson*, 877 S.W.2d 478, 480 n.1 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). Harris County has county civil courts at law that have jurisdiction over all civil matters and causes, original and appellate, prescribed by law for constitutional county courts, but they do not have the jurisdiction of a probate court. *See* Tex. Gov't Code § 1032(a). In Harris County, the county civil courts at law have jurisdiction in appeals of civil cases from justice courts in Harris County. *See id*.

## II. ISSUES AND ANALYSIS

**A. Does this court lack appellate jurisdiction because the Order is ambiguous and unenforceable?**

Although Rivera filed this appeal, in her first issue, Rivera asserts that this court lacks appellate jurisdiction because the Order is patently ambiguous and unenforceable given that it purports to (1) grant her JNOV Motion and vacate the judgment, (2) grant her New Trial Motion, and (3) deny these two motions. We interpret an order or judgment as a whole in an effort to harmonize and give effect to the entire instrument. *See Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009); *Snodgrass v. Snodgrass*, 332 S.W.3d 653, 657 (Tex. App.—Houston [14th Dist.] 2010, no pet.). If the instrument is unambiguous, this court must adhere to the literal language used. *See Hagen*, 282 S.W.3d at 901. If the instrument is ambiguous, it is interpreted by reviewing the instrument as a whole, the record, and the context in which the trial court signed the instrument. *See id.*; *Lone Star Cement v. J. Roll Fair, Dist. Judge*, 467 S.W.2d 402, 404–05 (Tex. 1971); *Hatfield v. Solomon*, 316 S.W.3d 50, 58 (Tex. App.—Houston [14th Dist.] 2010, no pet.). If an order or judgment is ambiguous and uncertain, and its terms are contradictory and cannot be harmonized, the order or judgment is unenforceable. *See Harper v. Wellchem*, 799 S.W.2d 492, 496 (Tex. App.—Houston [14th Dist.] 1990, no writ); *Roberts v. Brittain*, 659 S.W.2d 750, 750–51 (Tex. App.—Tyler 1983, no writ).

The Order reads as follows:

**Order**

The Court has reviewed and considered Defendant Melania Estela Rivera Bonilla's Motion for Judgment Notwithstanding the Verdict and Alternative Motion for New Trial, and the Court makes the following rulings:

1. Defendant Melania Estela Rivera Bonilla's Motion for Judgment Notwithstanding the Verdict is GRANTED. The Court's May 18, 2022 Final Judgment and Order for Possession is VACATED and SET ASIDE. Shafaii investments, Ltd. shall take nothing on its forcible detainer claim. All costs shall be taxed against Shafaii Investments, Ltd.

**OR**

2. Defendant Melania Estela Rivera Bonilla's Motion for New Trial is GRANTED for the following reasons:

7/6/2022    DENIED

_____
Honorable Judge Presiding

We conclude that the language of the Order is ambiguous. We seek to interpret it by reviewing the Order as a whole, the record, and the context in which the county civil court signed the Order. *See Hagen*, 282 S.W.3d at 901; *Lone Star Cement Corp.*, 467 S.W.2d at 404–05. No party moved for clarification of the Order, although Rivera's counsel emailed the court coordinator of the county civil court three times requesting that the court clarify its intended ruling in the Order. The county civil court did not attempt to clarify the Order. An entry on the court's docket sheet says, "Order Denied . . . Defendants Motion for New Trial," but we cannot treat this entry as evidence of the ruling that the county civil court made in the Order. *See Harper*, 799 S.W.2d at 494. There is no reporter's record from a hearing that might contain comments from the county civil court as to its intended ruling. In the Order the court states that it is (1) granting the JNOV Motion, vacating its judgment, and rendering judgment that Shafaii take nothing, or (2) granting the New Trial

4

Motion. Already the judgment is conflicting and contradictory as to whether the court is granting a judgment notwithstanding the verdict or a new trial. But then, next to the county civil court's signature is the word "DENIED," without any explicit statement as to what is being denied. After trying to interpret the ambiguous language in the Order, we conclude that there is no way to determine whether the county civil court (1) granted the JNOV Motion, (2) granted the New Trial Motion, or (3) denied both motions. Because the ambiguous language of the Order is contradictory and cannot be harmonized, the Order is unenforceable. *See Harper*, 799 S.W.2d at 496; *Roberts*, 659 S.W.2d at 750–51.

Rivera relies on the *McGuyer* and *Harper* cases and argues that the Order's unenforceability means that this court lacks appellate jurisdiction and must dismiss the appeal. *See McGuyer Homebuilders, Inc. v. Hastings*, 613 S.W.3d 358, 359–60 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Harper*, 799 S.W.2d at 494–96. Though these cases involve orders that are unenforceable due to conflicting language in the order that cannot be harmonized, the attempted appeal in each of these cases was from the unenforceable order. *See McGuyer Homebuilders*, 613 S.W.3d at 359–60; *Harper*, 799 S.W.2d at 494–96. Rivera appeals from the county civil court's final judgment, and the Order is not appealable, although the appeal from the final judgment gives this court jurisdiction to rule on a challenge to any ruling on the JNOV Motion or New Trial Motion. *See Johnson v. Harris County*, 610 S.W.3d 591, 594 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The Order's unenforceability does not affect the county civil court's final judgment or Rivera's ability to appeal from that judgment. Rivera also relies on *In re Lakeside Resort JV, LLC*, but that case involved a mandamus proceeding as to whether a default judgment was final or interlocutory, not an order on a post-judgment motion. *See* —S.W.3d—, —, 2024 WL 2095990, at *1–2 (Tex. May 10, 2024).

5

The JNOV Motion is a timely filed, post-judgment motion in which Rivera sought a substantive change in the county civil court's existing final judgment. Therefore, the JNOV Motion qualifies as a motion to modify under Texas Rule of Civil Procedure 329b(g), and the motion is subject to Texas Rule of Civil Procedure 329b(c). *See* Tex. R. Civ. P. 329b (c), (g); *Lane Bank Equip. Co. v. Smith Southern Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000). The Order is unenforceable, and thus the county civil court did not rule on or determine the JNOV Motion or the New Trial Motion within 75 days after the court signed the final judgment. Therefore, the JNOV Motion and the New Trial Motion were overruled by operation of law 75 days after the judgment was signed, and the county civil court had plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after the motions were overruled by operation of law.[2] *See* Tex. R. Civ. P. 329b(c) (stating that "[i]n the event [a motion for new trial] or a motion to modify, correct or reform a judgment is not determined by written order signed within [75] days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period"); *id.* 329b(e); *Valdez v. Hamilton*, No. 14-16-00124-CV, 2017 WL 421992, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, no pet.).

We agree with Rivera that the Order is unenforceable and sustain the first issue to this extent. We disagree with her argument that the Order's unenforceability deprives this court of appellate jurisdiction. Instead, we conclude that the Order's unenforceability resulted in the overruling of the post-judgment motions by operation of law and that we have jurisdiction over Rivera's timely filed appeal. We overrule the remainder of the first issue.

**B.    Is the evidence legally or factually insufficient to support the jury's**

---

[2] Neither the last day of the seventy-five-day period nor the last day of the thirty-day period was a Saturday, Sunday, or legal holiday. *See* Tex. R. Civ. P. 4.

6

**verdict?**

In her second issue Rivera asserts that the trial evidence is legally and factually insufficient to support the county civil court's judgment because the evidence is legally and factually insufficient to support a finding that Shafaii strictly complied with the notice requirements set forth in Property Code section 24.005. In this forcible detainer action the only issue is who is entitled to possession of the Premises. *See Cao v. MTGLQ Investors, LP*, No. 14-22-00820-CV, 2023 WL 3642009, at *1 (Tex. App.—Houston [14th Dist.] May 23, 2023, no pet.). The county civil court rendered a final judgment on the verdict, in which the jury found that Shafaii is entitled to possession of the Premises. Rivera preserved error on her second issue by (1) asserting in the JNOV Motion that the evidence is legally insufficient to support the jury's verdict because the evidence is legally insufficient to support a finding that Shafaii provided the requisite notice under the Property Code, and (2) asserting in her New Trial Motion that the evidence is factually insufficient to support the jury's verdict because the evidence is factually insufficient to support a finding that Shafaii provided the requisite notice under the Property Code.

The jury charge did not require that Shafaii have provided any notice, whether under Property Code section 24.005 or any other type of notice, for Shafaii to be entitled to possession of the Premises. At the charge conference, counsel for Shafaii and counsel for Rivera each stated that his client had no objection to the charge. Therefore, this court measures the sufficiency of the evidence using the charge given, even if the charge does not correctly state the law. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) (holding that appellate court could not review the sufficiency of the evidence based on a particular legal standard because that standard was not submitted to the jury and no party objected or requested that the jury be charged using this standard); *Hirschfeld Steel Co. v. Kellogg Brown & Root*, 201

7

S.W.3d 272, 283–86 (Tex. App.—Houston [14th Dist.] 2006, no. pet.) (reviewing sufficiency of evidence based on unobjected-to jury instruction and rejecting various arguments based on different legal standards). Thus the absence of any evidence that Shafaii complied with the notice requirements of Property Code section 24.005 or of any other statute would not make the trial evidence legally or factually insufficient to support the jury's finding that Shafaii is entitled to possession of the Premises, because this court reviews that finding under the charge, which does not require that Shafaii have complied with any notice requirement. *See Osterberg,* 12 S.W.3d at 55; *Hirschfeld Steel*, 201 S.W.3d at 283–86; *Yeng v. Zou*, 407 S.W.3d 485, 494, n.9 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Shows v. Man Engines & Components*, 364 S.W.3d 348, 357–58 (Tex. App.—Houston [14th Dist.] 2012), *aff'd*, 434 S.W.3d 132 (Tex. 2014). Therefore, Rivera has not shown that the evidence is legally or factually insufficient to support the jury's verdict, and we overrule the second issue.

We affirm the county civil court's judgment.

/s/    Randy Wilson
            Justice

Panel consists of Justices Jewell, Spain, and Wilson.