

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-11-00160-CV

CTL/THOMPSON TEXAS, LLC                                                       APPELLANT

V.

STARWOOD HOMEOWNER'S                                                          APPELLEE
ASSOCIATION, INC.

----------

## FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

This is an interlocutory appeal from an order denying Appellant CTL/Thompson Texas, LLC's motion to dismiss Appellee Starwood Homeowner's Association, Inc.'s claims based on Starwood's alleged failure to comply with the certificate of merit requirements of chapter 150 of the Texas Civil Practice and Remedies Code.  After the trial court denied CTL's motion to dismiss and after CTL filed its notice of appeal perfecting this appeal, Starwood filed a nonsuit in the trial court, nonsuiting all of its claims against all

defendants, including CTL. Starwood subsequently filed in this court an emergency motion to dismiss this appeal, arguing that as a result of its nonsuit, no justiciable controversy currently exists between the parties, this appeal is now moot, and this court possesses no jurisdiction over the appeal.

CTL filed a response to Starwood's emergency motion to dismiss this appeal. CTL argues that its motion to dismiss Starwood's claims for Starwood's alleged failure to comply with the statutory certificate of merit requirements is, in fact, a motion for sanctions (seeking the sanction of dismissal with prejudice) and that, accordingly, it constitutes an affirmative claim for relief that survives Starwood's nonsuit.[1]

Pursuant to Texas Rule of Civil Procedure 162, a plaintiff possesses an absolute right to nonsuit claims, except that any dismissal "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." Tex. R. Civ. P. 162. Generally, the nonsuit of the underlying case renders a

---

[1]CTL also argues that Starwood has already refiled its claims in another district court and that dominant jurisdiction exists in the 431st Judicial District Court. Starwood's actions in other trial courts and in other trial court cause numbers, however, are not relevant to whether a justiciable controversy currently exists in this case, whether this appeal is moot, or whether we possess jurisdiction in this interlocutory appeal. *Compare Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988) (stating that dominant jurisdiction is question of appropriate venue based on where suit is first filed), *and Gordon v. Jones*, 196 S.W.3d 376, 382–83 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (noting that concept of dominant jurisdiction is not jurisdictional in the sense of subject-matter jurisdiction), *with Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–47 (Tex. 1993) (stating that lack of a real controversy between parties to a lawsuit deprives court of subject-matter jurisdiction).

pending appeal moot, resulting in the dismissal of the appeal. *Carter v. Stevens Transp., Inc.*, 225 S.W.3d 607, 608 (Tex. App.—El Paso 2006, no pet.); *see also Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007) ("An appeal is moot when a court's action on the merits cannot affect the rights of the parties.").

As mentioned above, CTL contends that its motion to dismiss Starwood's claims based on Starwood's purported failure to comply with the statutory certificate of merit requirements is a claim for affirmative relief (akin to a motion for sanctions) that survives the nonsuit. By way of analogy, CTL points out that when a trial court is required to dismiss a heath care liability claim under the Medical Liability Insurance Improvement Act (MLIIA) for a claimant's failure to comply with statutory expert report requirements, the motion to dismiss is treated as in the nature of a motion for sanctions, and a claimant's nonsuit has no effect on the pending motion to dismiss. *See Villafani v. Trejo*, 251 S.W.3d 466, 471 (Tex. 2008); *see also* Tex. R. Civ. P. 162 (providing that a nonsuit has no effect on a pending motion for sanctions, attorney's fees, or other costs, although a nonsuit authorizes the clerk to tax costs against the dismissing party unless otherwise ordered by the court).

The statute governing certificates of merit, however, is substantially different from the statute governing expert reports. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(d)–(e) (West 2011), *with id.* § 74.351(a)–(b) (West 2011). Concerning dismissal of a plaintiff's claims against a defendant design professional for failure to comply with the statutory certificate of merit

3

requirements, chapter 150 does not permit recovery of attorney's fees, does not provide an independent basis for taxing costs against a plaintiff, and provides for dismissal either without prejudice or with prejudice at the trial court's discretion; it does not require dismissal with prejudice. *See id.* § 150.002(d)–(e). Chapter 74 of the MLIIA, on the other hand, requires a trial court to dismiss a health care liability claim with prejudice if the claimant does not comply with the chapter's statutory expert report requirements, and it mandates an award of costs and attorney's fees when properly requested and proved. *See id.* § 74.351(a)–(b); *Trejo*, 251 S.W.3d at 471. Thus, the plain language of chapter 74 concerning the statutory consequences imposed for a failure to comply with chapter 74's expert report requirements makes a chapter 74 motion to dismiss a "motion [] for sanctions that survive[s] a nonsuit." *Trejo*, 251 S.W.3d at 471. The plain language of chapter 150 concerning the statutory consequences imposed for a failure to comply with chapter 150's certificate of merit requirements—dismissal without prejudice or discretion to dismiss with prejudice—does not make a motion to dismiss pursuant to chapter 150 a motion for sanctions. *See Found. Design, Ltd. v. Barzoukas*, No. 14-08-00485-CV, 2009 WL 1795130, at *2 (Tex. App.—Houston [14th Dist.] June 25, 2009, no pet.) (mem. op.) (holding that a chapter 150 dismissal motion does not survive a nonsuit, even when the defendant design professional seeks dismissal with prejudice).

Because Starwood nonsuited all its claims in the trial court, because CTL's chapter 150 motion to dismiss is not a motion for sanctions that survives the

nonsuit, and because this appeal is now moot, we grant Starwood's emergency motion to dismiss this appeal. We order this interlocutory appeal dismissed as moot.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: September 29, 2011