

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00160-CV

CTL/THOMPSON TEXAS, LLC                                         APPELLANT

V.

STARWOOD HOMEOWNER'S                                          APPELLEE
ASSOCIATION, INC.

----------

## FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1] ON REMAND

----------

This appeal was remanded to us by the Texas Supreme Court. *See*

*CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d

299 (Tex. 2013). The supreme court's opinion set forth the following facts:

> Respondent Starwood Homeowner's Association sued petitioner CTL/Thompson Texas for providing deficient geotechnical engineering services. Starwood attached to its petition an affidavit that it believed complied with Section 150.002.[2] CTL moved for dismissal with prejudice on the ground that the affidavit was

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West 2011).

deficient.[3] The trial court denied CTL's motion, and CTL brought an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 150.002(f). But before the appeal could be decided, Starwood nonsuited its claims against CTL. The court of appeals held that the nonsuit mooted the appeal, depriving the court of jurisdiction. 352 S.W.3d 854, 856 (Tex. App.—Fort Worth 2011). CTL then brought a petition for review.

*Id.* at 300. The supreme court reversed our judgment, holding that "Starwood's nonsuit did not moot CTL's appeal," and remanded the appeal to us to address the merits of CTL's appeal. *Id.* at 301.

Because we dismissed CTL's appeal before Starwood had filed its brief, on remand, we gave Starwood an opportunity to file a brief on the merits. Despite repeated letters from our clerk's office, Starwood has failed to file a brief.[4] Thus, this appeal is submitted on remand without a brief by Starwood.

In its fifth issue, CTL argues that the trial court abused its discretion when it denied CTL's motion to dismiss Starwood's lawsuit because the certificate of merit filed by Starwood with its original petition did not comply with the statutory requirement that it "set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service . . .

---

[3]Section 150.002(e) states: "The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice." *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e).

[4]We note that Starwood nonsuited all of its claims against CTL on May 6, 2011, and, thus, has little incentive to file a brief on remand arguing its suit against CTL should not be dismissed.

and the factual basis for each such claim." *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b). Starwood's certificate of merit contains two opinions from its geotechnical engineer, but it does not set forth "the factual basis for each claim." Accordingly we sustain CTL's fifth issue. Having sustained CTL's fifth issue, we need not address CTL's other issues. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to final disposition of the appeal).

Having determined that the trial court abused its discretion by finding that Starwood's certificate of merit complied with section 150.002(b) of the civil practice and remedies code, we reverse the trial court's April 18, 2011 order denying CTL's motion to dismiss. We remand this case to the trial court for entry of an order dismissing Starwood's claims—the same claims that Starwood nonsuited on May 26, 2011—and for a determination of whether the dismissal of the nonsuited claims should be with or without prejudice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e); *see also Garza v. Carmona*, 390 S.W.3d 391, 398 (Tex. App.—Corpus Christi 2012, no pet.) (remanding case for trial court to determine whether dismissal should be with or without prejudice); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752–53 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (same).

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

3

DELIVERED:  August 1, 2013