

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00236-CV

CTL/THOMPSON TEXAS, LLC                                                    APPELLANT

V.

STARWOOD HOMEOWNER'S                                                    APPELLEE
ASSOCIATION, INC.

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2011-10364-16

----------

## DISSENTING OPINION

----------

I respectfully dissent from the majority opinion because construing civil practice and remedies code section 150.002(e) to permit a dismissal without prejudice improperly reads a remedy into the statute that the legislature did not intend.

A plaintiff's failure to file an affidavit in accordance with section 150.002 "shall result in dismissal of the complaint against the defendant." Tex. Civ. Prac.

& Rem. Code Ann. § 150.002(e) (West 2011).  Further, "[t]his dismissal may be with prejudice."  *Id.*  There are several reasons why a dismissal without prejudice cannot be engrafted upon this statute.

First, there is no dispute that legislative intent "remains the polestar of statutory construction" and that we seek that intent "first and foremost" in the statutory text.  *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 58 (Tex. 2011); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006).  As written, section 150.002(e) says nothing about dismissing without prejudice; it only mentions dismissal with prejudice.  If the legislature had intended to permit a trial court to dismiss a plaintiff's complaint without prejudice, then it easily could have said so, but it did not.  By reading the remedy of dismissal without prejudice into the statute, the majority improperly expands the statute's plain and unambiguous language beyond the intent of the legislature.

Next, in construing a statute, we must consider the words in context, not in isolation.  *See Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562, 565 (Tex. 2014); *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *see also* Tex. Gov't Code Ann. § 311.011(a) (West 2013) (providing that words and phrases shall be read in context).  This is because a court should not assign a meaning to a statutory provision that would be inconsistent with other provisions of the same act, even though it might be susceptible to such a construction standing alone.  *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).  Section 150.002 mandates that the certificate of merit be filed

2

contemporaneously with the first-filed complaint. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (c); *Bruington Eng'g, Ltd., v. Pedernal Energy, L.L.C.*, 403 S.W.3d 523, 530 (Tex. App.—San Antonio 2013, no pet.); *Pakal Enters., Inc. v. Lesak Enters. LLC*, 369 S.W.3d 224, 228–29 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 751–52 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Reading into the statute that dismissal may be without prejudice frustrates section 150.002's first-filed complaint requirement because, simply, it permits plaintiffs to file a second complaint and a second certificate and trial courts to review that second certificate. Construing section 150.002(e) to permit a dismissal without prejudice thus disregards the context in which the legislature expressed its intent vis-a-vis the first-filed complaint requirement.

Additionally, in construing a statute, we may consider the object sought to be attained by the legislature. *See* Tex. Gov't Code Ann. § 311.023(1) (West 2013). This court has previously explained that the purpose of the certificate of merit statute is to deter and quickly end nonmeritorious claims. *Foundation Assessment, Inc. v. O'Connor*, 426 S.W.3d 827, 833 (Tex. App.—Fort Worth 2014, pet. denied). Reading into section 150.002(e) that dismissal may be without prejudice frustrates this purpose because a party that is awarded a dismissal without prejudice may file another lawsuit and certificate, thus extending the life of the litigation. This, of course, has the opposite effect of

3

bringing the litigation to a speedy resolution. Nowhere is this more apparent than in this litigation.

Starwood sued CTL and a number of other defendants in November 2010. That cause was assigned to the 393rd District Court. In December 2010, Starwood nonsuited its claims against CTL but re-filed the suit and included a certificate of merit. That suit was assigned to the 158th District Court but later transferred and consolidated with the suit that had remained pending in the 393rd District Court. In January 2011, CTL moved to dismiss Starwood's claims for failure to comply with chapter 150's certificate of merit requirement. In March 2011, the case was administratively transferred to the 431st District Court, which denied CTL's motion to dismiss on April 18, 2011. A few weeks after CTL filed an interlocutory appeal of the order denying the motion to dismiss, Starwood nonsuited its claims against CTL; on May 27, 2011, the trial court signed an order granting CTL's nonsuit of its claims that were pending in the 431st District Court. In light of the nonsuit, Starwood moved to dismiss CTL's interlocutory appeal on the ground that the appeal was moot. *See CTL/Thompson Tex., LLC v. Starwood Homeowner's Assoc., Inc.*, 352 S.W.3d 854, 855 (Tex. App.—Fort Worth 2011), *rev'd*, 390 S.W.3d 299 (Tex. 2013). This court agreed with Starwood and dismissed the appeal, but the supreme court later reversed, holding that Starwood's nonsuit did not moot CTL's appeal. *CTL/Thompson*, 390 S.W.3d at 301. On remand, this court concluded that Starwood's certificate of merit failed to comply with section 150.002, so we reversed the trial court's April

4

18, 2011 order denying CTL's motion to dismiss and remanded the "case to the trial court for entry of an order dismissing Starwood's claims . . . and for a determination of whether the dismissal of the nonsuited claims should be with or without prejudice." *CTL/Thompson Tex., LLC v. Starwood Homeowner's Assoc.*, *Inc.*, No. 02-11-00160-CV, 2013 WL 3968021, at *1 (Tex. App.—Fort Worth Aug. 1, 2013, no pet.) (mem. op).  On January 21, 2014, the 431st District Court signed an order dismissing Starwood's claims against CTL without prejudice.

On May 27, 2011, while CTL's interlocutory appeal was first pending in this court, Starwood filed another petition against CTL that contained a certificate of merit and that was assigned to the 16th Judicial District Court.  That suit was abated, reinstated, and ultimately transferred to the 431st District Court.  CTL moved to dismiss the claims that Starwood had alleged against CTL in that suit, but the trial court denied the motion, and this interlocutory appeal followed.  It is the certificate of merit filed with the suit in the 16th District Court that was then transferred to the 431st District Court that is at issue in this interlocutory appeal.

Thus, this case has involved no less than four different district courts, two different appellate courts, three different plaintiff's petitions, and over four years of litigation.  The legislature could not have intended section 150.002 to operate in such an inefficient manner.

Because reading section 150.002(e) to permit a dismissal without prejudice conflicts with well-established rules of statutory construction, and

5

because the majority concludes otherwise, I would sustain CTL's sole issue and reverse the trial court's order.

/s/ Bill Meier
BILL MEIER
JUSTICE

DELIVERED: March 26, 2015