

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00236-CV

CTL/THOMPSON TEXAS, LLC                                      APPELLANT

V.

STARWOOD HOMEOWNER'S                                  APPELLEE
ASSOCIATION, INC.

----------

## FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 2011-10364-16

----------

## OPINION

----------

### I. INTRODUCTION

This is the third time we have addressed issues between these parties in interlocutory certificate-of-merit appeals. For the reasons set forth below, we will affirm the order denying CTL's second motion to dismiss.

## II. BACKGROUND

We dismissed Appellant CTL/Thompson Texas, LLC's first interlocutory appeal because after the 431st District Court of Denton County denied CTL's motion to dismiss Appellee Starwood Homeowner's Association, Inc.'s claims against it for the failure to file an adequate certificate of merit, Starwood nonsuited its claims. We held that CTL's motion to dismiss for failure to file an adequate certificate of merit did not survive Starwood's nonsuit of its claims because under section 150.002(e) of the Texas Civil Practice and Remedies Code, the trial court possessed discretion to dismiss the claims without prejudice—the same relief attained via the nonsuit.[1] CTL filed a petition for review with the Texas Supreme Court. The supreme court granted review and held that CTL's motion to dismiss Starwood's claims against it did survive Starwood's nonsuit of those claims and remanded the case to us.[2] On remand, we addressed the merits of CTL's contentions that the trial court had abused its discretion by finding Starwood's certificate of merit adequate and by failing to grant CTL's motion to dismiss.[3] We held that the trial court had abused its

---

[1]*See CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 352 S.W.3d 854 (Tex. App.—Fort Worth 2011), *rev'd*, 390 S.W.3d 299 (Tex. 2013) (*CTL/Thompson II*).

[2]*CTL/Thompson II*, 390 S.W.3d at 301.

[3]*CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, No. 02-11-00160-CV, 2013 WL 3968021, at *1 (Tex. App.—Fort Worth Aug. 1, 2013, no pet.) (mem. op. on remand) (*CTL/Thompson III*).

discretion by finding that Starwood's certificate of merit complied with section 150.002(b) of the civil practice and remedies code; we reversed the trial court's April 18, 2011 order denying CTL's motion to dismiss; and we remanded the case to the trial court, the 431st District Court of Denton County, for entry of an order dismissing Starwood's claims and for a determination of whether the dismissal of the claims should be with or without prejudice.[4] The trial court signed an order granting CTL's motion to dismiss and ordered that the dismissal be without prejudice.

In the meantime, after nonsuiting its claims against CTL, Starwood refiled them and filed a new certificate of merit; the new suit was assigned to the 16th District Court of Denton County. CTL filed various motions in the new suit, but CTL ultimately filed a motion to transfer the case back to the 431st District Court of Denton County and, alternatively, again sought dismissal of Starwood's claims under section 150.002(e). CTL's second dismissal motion did not challenge the adequacy of the new certificate of merit filed by Starwood in the pending suit but instead again asserted the inadequacy of Starwood's prior certificate of merit filed in the prior suit that had been dismissed without prejudice. The 16th District Court of Denton County granted CTL's motion to transfer the case back to the 431st District Court of Denton County, and that court denied CTL's second

---

[4] *Id.* at *1 ("We remand this case to the trial court for entry of an order dismissing Starwood's claims—the same claims that Starwood nonsuited on May 26, 2011—and for a determination of whether the dismissal of the nonsuited claims should be with or without prejudice").

3

motion to dismiss. CTL then perfected this interlocutory appeal from the denial of its second motion to dismiss.

### III. THE DENIAL OF CTL'S SECOND MOTION TO DISMISS WAS NOT AN ABUSE OF DISCRETION

CTL raises one issue complaining that "[t]he trial court abused its discretion when it failed to dismiss Starwood's claims, which this Court previously held were not supported by a sufficient Chapter 150 Certificate of Merit when first filed." But the trial court did dismiss Starwood's claims that this court had held were not supported by a sufficient chapter 150 certificate of merit; the trial court signed a January 21, 2014 order dismissing those claims without prejudice. The crux of CTL's complaint on appeal is that the order dismissing Starwood's claims without prejudice entitles CTL to dismissal of any of those claims subsequently refiled by Starwood.[5]

The plain language of section 150.002(e) provides that a certificate-of-merit dismissal "may be with prejudice." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e) (West 2011). "May," when used in a statute, indicates that the provision is discretionary, not mandatory. Tex. Gov't Code Ann. § 311.016(1)

---

[5]CTL's specific arguments are that because section 150.002(a) requires a claimant to file a certificate of merit complying with certain requirements "with the complaint," this must mean only the "first-filed complaint." Therefore, CTL claims that Starwood's "first-filed complaint" was the complaint previously dismissed without prejudice, not the complaint filed in the pending suit. CTL thus concludes that the trial court abused its discretion by not dismissing the pending suit based on the lack of an adequate certificate of merit in the previously dismissed-without-prejudice suit.

4

(West 2013).[6]  A dismissal with prejudice is an adjudication of the parties' rights; a dismissal without prejudice is not.  *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 653 (Tex. 2009) (orig. proceeding).  That is, a dismissal with prejudice operates as res judicata to bar the dismissed claims.  *See, e.g.*, *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865–66 (Tex. 2010).  But a dismissal without prejudice means that the same claims may be refiled in an entirely new cause.  *Cruz v. Morris*, 877 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1994, no writ) (explaining that "[a]ny dismissal order stating it is without prejudice to refile refers to refiling in a new cause of action, not simply filing an amended petition within the same cause").  The plain language of section 150.002(e) authorizes a dismissal without prejudice; we reject CTL's contention that a dismissal without prejudice entitles CTL to an automatic dismissal of subsequently refiled claims.[7]

---

[6]*See, e.g.*, *Seguin v. Bexar Appraisal Dist.*, 373 S.W.3d 699, 709 (Tex. App.—San Antonio 2012, pet. denied) (construing "may" as used in provision of the tax code as permissive, not mandatory); *Cheng v. Wang*, 315 S.W.3d 668, 672 (Tex. App.—Dallas 2010, no pet.) (construing "may" as used in statute allowing appointment of interpreter as permissive, not mandatory).

[7]We cannot agree with the dissent's unapologetic eisegesis of civil practice and remedies code section 150.002(e).  If the legislature had intended for section 150.002(e) to mandate a dismissal with prejudice, it would have used the words "must" or "shall" in the statute instead of "may."  *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (West Supp. 2014) (providing that a trial court "*shall*" dismiss a health care liability claim with prejudice when a plaintiff fails to timely file an expert report).

5

Our sister court in Dallas recently addressed and rejected CTL's argument that section 150.002(a)'s requirement that a certificate of merit must be filed "with the complaint" really means only the "first-filed complaint," so that no certificate of merit may be attached to a dismissed-without-prejudice-then-subsequently-refiled claim. *See TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, No. 05-13-01021-CV, 2014 WL 4724706, at *4 (Tex. App.—Dallas Sept. 24, 2014, pets. filed). Based on identical procedural facts and identical arguments to those presented here, the Dallas Court of Appeals framed the issue presented as "whether a plaintiff complies with section 150.002(a) when it files a certificate of merit with the first petition it files in a second action after a dismissal without prejudice." *Id.* at *3. After examining the plain language of the statute, the Dallas court concluded that

> when a plaintiff files a new action and includes a certificate of merit with the first-filed petition in that action, the plaintiff has complied with the plain language of the statute. This conclusion is not only supported by the text of the statute, but also recognizes the legal effect of a dismissal without prejudice, which places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought.
>
> Finally, we agree with [the plaintiff] that the statutory provision giving trial courts discretion to dismiss without prejudice reflects the legislature's intent to allow trial courts to determine when a plaintiff should be given a second opportunity to comply with the statute.

*Id.* at *4 (citations omitted). Based on the sound reasoning and rationale of the Dallas Court of Appeals, as set forth above and more fully in its opinion, we likewise reject CTL's contention here that despite section 150.002(e)'s express

6

authorization of a dismissal without prejudice, we should construe that provision as effectuating a dismissal with prejudice because—under CTL's interpretation—no subsequent suit filed after a dismissal without prejudice will ever be a "first-filed complaint."

We overrule CTL's sole issue.

### IV. CONCLUSION

Having overruled CTL's sole issue, we affirm the trial court's order denying CTL's motion to dismiss.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

MEIER, J. filed a dissenting opinion.

DELIVERED: March 26, 2015

7