Opinion issued August 19, 2021



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00564-CV

———————————

## TAMMY TRAN ATTORNEYS AT LAW, LLP, TAMMY TRAN, PLLC, AND MINH TAM TRAN, Appellants

## V.

## SPARK FUNDING, LLC, Appellee

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-27154**

---

## O P I N I O N

Appellants, Tammy Tran Attorneys at Law, LLP, Tammy Tran, PLLC, and

Minh Tam Tran (collectively "Tran"), challenge a judgment in favor of appellee,

Spark Funding, LLC ("Spark Funding"), domesticated By Spark Funding under the

Uniform Enforcement of Foreign Judgments Act ("UEFJA").[1]  In two issues, Tran contends that the trial court erred in allowing her motion to vacate the judgment to be overruled by operation of law.

We affirm.

## Background

On May 1, 2020, Spark Funding filed with the Harris County District Clerk a New York judgment entered against Tran on June 28, 2019 in the amount of $252,145.55 (the "New York judgment").  Spark Funding accompanied its filing with an original affidavit in support of domesticating and enforcing the New York judgment under the UEFJA.[2]

On June 1, 2020, Tran moved to vacate the judgment based on the doctrine of res judicata, asserting that Spark Funding had previously attempted to domesticate the New York judgment by filing it with the Harris County District Clerk in a separate proceeding on July 25, 2019 and it had been vacated by the trial court.  In support of her affirmative defense, Tran attached to her motion an "Order Clarifying Post Judgment Deadlines" signed by the trial court on October 14, 2019 (the "October 14th order") in the previous proceeding.

---

[1]     *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001–.008.

[2]     *See id.* § 35.004.

In the October 14th order, the trial court recited that at a September 30, 2019 hearing on Tran's motion to vacate the New York judgment, Tran objected that the judgment was not properly authenticated[3] and Spark Funding "asked for leave to cure the authentication defect by filing a new and different copy of the judgment with a complete exemplification and authentication," and the trial court "granted th[at] request." The trial court also stated that "the new copy of the New York Judgment with a complete certification and exemplification was not made a part of the record of th[e] case until September 30, 2019," and that judgment "replaced the [New York] judgment filed [by Spark Funding] on July 25, 2019." The trial court "clarif[ied]" in the order that, as a result, the post-judgment appellate timetable would run from September 30, 2019. The record does not contain a New York judgment filed by Spark Funding on September 30, 2019.[4]

In her June 1, 2020 motion to vacate, filed in the proceeding below, Tran asserted that, under the doctrine of res judicata, the October 14th order barred Spark

---

[3] The record does not contain the trial court's ruling on the motion to vacate that was the subject of the September 30, 2019 hearing.

[4] After the trial court issued the October 14th order, Tran and Spark Funding entered into a settlement agreement. Consistent with that agreement, the trial court, on November 13, 2019, signed an "Agreed Order to Vacate the Foreign Judgment Without Prejudice to Refiling" that purportedly vacated the October 14th order. Tran asserts that the trial court lacked plenary power when it signed the November 13, 2019 agreed order. We need not reach the plenary power issue because we decide the appeal on other grounds. *See* TEX. R. APP. P. 47.1.

Funding from filing to domesticate the New York judgment for a second time on May 1, 2020.

With its response to Tran's motion to vacate, Spark Funding provided a copy of the parties' November 2019 settlement agreement and pointed out they had agreed that "if a payment default occurred but was not timely cured upon twenty-days' notice, [Spark Funding] may domesticate the New York Judgment in Texas without opposition from Tran." And Spark Funding asserted that such a default had occurred.

The trial court took no action on Tran's motion to vacate, and it was overruled by operation of law.

## Standard of Review

The United States Constitution's Full Faith and Credit Clause requires that full faith and credit be given in each state to the public acts, records, and judicial proceedings of every other state. U.S. CONST. art. IV, § 1. Thus, a judgment from another state filed in a Texas court is entitled to be treated in the same manner as a judgment of that Texas court. *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Reading & Bates Constr. Co. v. Baker Energy Res. Corp.*, 976 S.W.2d 702, 712 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.003(b), (c), 35.006; *Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286

4

(Tex. 1996). When a judgment creditor files an authenticated copy of a foreign judgment, the creditor presents a prima facie case for the judgment's enforcement. *Mindis Metals*, 132 S.W.3d at 484; *Reading & Bates*, 976 S.W.2d at 712. The burden then shifts to the judgment debtor to prove by clear and convincing evidence that the foreign judgment should not be given full faith and credit. *Mindis Metals*, 132 S.W.3d at 484; *see Reading & Bates*, 976 S.W.2d at 712. The judgment debtor may use any procedural device for reopening, vacating, or staying the judgment that any post-judgment debtor is allowed. TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(c); *Mindis Metals*, 132 S.W.3d at 485.

Under the UEFJA, a foreign judgment will be given full faith and credit in Texas if it is "authenticated in accordance with an act of Congress or a statute of this [S]tate" and filed with the clerk of a court of competent jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a). We review a trial court's ruling on a motion contesting a foreign judgment's enforcement for an abuse of discretion. *Ward v. Hawkins*, 418 S.W.3d 815, 824 (Tex. App.—Dallas 2013, no pet.); *see Jahan Tigh v. De Lage Landen Fin. Servs.*, 545 S.W.3d 714, 723 (Tex. App.—Fort Worth 2018, no pet.) (applying abuse-of-discretion standard of review while recognizing that law required trial court to give full faith and credit to foreign judgment unless judgment debtor established exception by clear and convincing evidence); *Mindis Metals*, 132 S.W.3d at 483 (applying abuse-of-discretion standard of review while recognizing

5

law required trial court to give full faith and credit to foreign judgment unless judgment debtor showed exception to enforceability).

**Authentication of Judgment**

In her first issue, Tran argues that the trial court erred in allowing her motion to vacate the judgment to be overruled by operation of law because Spark Funding did not properly authenticate the New York judgment.

The UEFJA requires that a foreign judgment be "authenticated in accordance with an act of congress or a statute of this [S]tate." TEX. CIV. PRAC. & REM. CODE ANN. § 35.003(a). According to the federal requirements for authenticating foreign judgments, court records and judicial proceedings from any state "shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form." 28 U.S.C. § 1738.

On May 1, 2020, Spark Funding filed with the Harris County District Clerk the New York judgment entered against Tran. Spark Funding's filing included:

- a cover page bearing the seal of the County of New York attesting that the attached judgment was found in the files and records of the Clerk of the County of New York;

- a certification signed by Milton Adair Tingling, the New York County Clerk, bearing the seal of the County of New York and stating that the attached judgment was a true and correct copy of the original documents found in the clerk's records;

6

- a copy of the New York judgment; and

- attestations by Clerk Tingling and Justice Francis A. Kahn of the Supreme Court of the First Judicial District of the State of New York stating that the certification "[was] in due form of law and by the proper officer," the seal included therewith was the proper seal of the court, and Judge Kahn was a duly elected and sworn Justice of the New York Supreme Court.

Tran argues that Spark Funding's filing does not satisfy the federal requirements for authentication because the "Congressional Triple Seal" is partially obscured, the justice's certification of the exemplification was covered by the seal, and the clerk's certification of the justice's authority was also obscured. But Tran does not cite to any authority holding that 28 U.S.C. section 1738 requires that the seal be placed in any particular way, and we find none. The photocopy of the New York judgment in the record shows that the seal and ribbon overlay part of the formal language of the certification, but not in a way that prevents the certification from being understood or suggests any tampering with the document. We hold that the trial court did not err in concluding that the New York judgment complies with the UEFJA's authentication requirements and allowing Tran's motion to vacate the judgment to be overruled by operation of law on the asserted ground. *See L&R Expl. Venture v. Grynberg*, 271 P.3d 530, 536 (Colo. App. 2011) (holding illegibility in certification of authenticity created by electronic filing process did not transform properly authenticated New York judgment into unauthenticated judgment), *cert. denied*, No. 11SC169, 2011 WL 6392820 (Colo. Dec. 19, 2011); *Rothfarb v.*

*Programit, Inc.*, No. FSTCV104018630S, 50 Conn. L. Rptr. 645, 2010 WL 4276658, *4 (Conn. Super. Ct. Sept. 21, 2010) (document was "sufficiently readable" and met requirements of UEFJA where final amount of judgment and signatures of justice and clerk were "clearly visible," even though portions of judgment had been cut off during photocopying process and clerk's stamp was "so faint as to render it virtually illegible"); *cf. Turner v. State*, No. 05-93-01826-CR, 1996 WL 317095, at *3 (Tex. App.—Dallas 1996, pet. ref'd) (not designated for publication) (prior conviction properly authenticated under requirements of Texas Rules of Evidence 901 and 902 even though seal on penitentiary packet was "not completely legible").

We overrule Tran's first issue.

## Res Judicata

In her second issue, Tran argues that the trial court erred in allowing her motion to vacate the judgment to be overruled by operation of law because in the October 14th order vacating the New York judgment filed July 25, 2019, the trial court implicitly found that the New York judgment was not properly authenticated, and as a result, the doctrine of res judicata bars Spark Funding from refiling the same judgment in this action for domestication and enforcement.

For res judicata to apply, the following elements must be present: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same

8

parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). To determine whether res judicata applies to the October 14th order, we must consider the order's meaning and effect. Court orders are subject to the same rules of interpretation as other written instruments. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971); *Harper v. Welchem, Inc.*, 799 S.W.2d 492, 494–95 (Tex. App.—Houston [14th Dist.] 1990, no writ). We consider the entire contents of the instrument and the record. *See Lone Star Cement Corp.*, 467 S.W.2d at 404–05. The determinative factor is the intention of the court. *Id.*

A foreign judgment filed under the UEFJA becomes enforceable as a Texas judgment on the date it is filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.003; *Walnut Equip.*, 920 S.W.2d at 286. When, as in the 2019 proceeding below, the defendant files a motion contesting enforcement of the foreign judgment, it "operates as a motion for new trial." *Mindis Metals*, 132 S.W.3d at 483; *see Moncrief v. Harvey*, 805 S.W.2d 20, 23 (Tex. App.—Dallas 1991, no writ). If the defendant prevails, the trial court will order that the judgment be vacated. *Mindis Metals*, 132 S.W.3d at 483. Generally, a judgment that has been vacated has no legal effect. *Haden v. Granmayeh*, No. 01-19-01013-CV, 2020 WL 7391708, at *3 (Tex. App.— Houston [1st Dist.] Dec. 17, 2020, no pet.) (mem. op.); *Cessna Aircraft Co. v.*

9

*Aircraft Network, LLC*, 345 S.W.3d 139, 147 (Tex. App.—Dallas 2011, no pet.); *Pringle v. Moon*, 158 S.W.3d 607, 610 (Tex. App.—Fort Worth 2005, no pet.). In the context of domesticating foreign judgments, though, an order vacating a foreign judgment generally constitutes a final judgment that the aggrieved party—i.e., the foreign judgment creditor—may appeal. *See Int'l Armament Corp. v. Stocker & Lancaster LLP*, 565 S.W.3d 823, 827 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Mindis Metals*, 132 S.W.3d at 483.

The vacatur of a foreign judgment, then, functions like the dismissal of a lawsuit. Thus, the success of Tran's res judicata argument depends on whether the October 14th order is akin to a dismissal with prejudice, which would be barred by res judicata, or a dismissal without prejudice, to which res judicata would not apply. *Compare Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 707 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Res judicata attaches to a dismissal with prejudice even though the plaintiff's claims have not been fully litigated at trial."), *with Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) ("When a case is nonsuited without prejudice, res judicata does not bar relitigation of the same claims.").

The October 14th order vacated the New York judgment filed for domestication on July 25, 2019 and granted Spark Funding leave to file a "new and different copy" of the New York judgment, but Spark Funding did not file the new copy of the judgment referenced in that order. According to Tran, Spark Funding's

failure to file a new copy of the New York judgment means that the trial court lost plenary power and the vacatur became final. Tran focuses on the recitation in the October 14th order that "Tran objected that the judgment was not properly authenticated," and Spark Funding "asked for leave to cure the authentication defect by filing file a new and different copy of the [New York] judgment with a complete exemplification and authentication," asserting that it is a finding by the trial court that precludes the later domestication of the originally-filed New York judgment. We disagree. The operative language of the order vacates the July 25, 2019 New York judgment, but it also grants leave for Spark Funding to file again. By granting leave to file again, the October 14th order essentially vacates the judgment without prejudice to refiling.

Because the October 14th order vacated the New York judgment without prejudice to refiling, it was not a final judgment on the merits. *See CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 461 S.W.3d 627, 630 (Tex. App.—Fort Worth 2015, pet. denied) ("A dismissal with prejudice is an adjudication of the parties' rights; a dismissal without prejudice is not."). As a result, any finding about the New York judgment contained in the October 14th order has no res judicata effect.[5] *See, e.g.*, *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991) (judgment that

---

[5]    We express no opinion as to whether the October 14th order's recitation of Tran's objection and Spark Funding's response to that objection constitutes a finding by the trial court.

11

is not final cannot support plea of res judicata or collateral estoppel); *Welch v. Hrabar*, 110 S.W.3d 601, 607 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (recognizing if suit is dismissed without prejudice or if plaintiff takes voluntary nonsuit, res judicata does not impede subsequent actions); *see also Crofts v. Ct. Civ. App. for Eighth Sup. Judicial Dist.*, 362 S.W.2d 101, 104 (Tex. 1962) (dismissal based on comity was "in no way an adjudication of the rights of parties; it merely place[d] the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought"); *CTL/Thompson Tex.*, 461 S.W.3d at 631 (plaintiff that nonsuited its claims after defendant moved to dismiss based on plaintiff's failure to file adequate certificate of merit in compliance with Texas Civil Practice and Remedies Code section 150.002(b) was entitled to refile suit with new certificate of merit; trial court had discretion to dismiss first suit without prejudice); *Christensen v. Chase Bank USA, N.A.*, 304 S.W.3d 548, 554 (Tex. App.—Dallas 2009, pet. denied) (dismissal of proceeding to confirm and enforce arbitration award in favor of creditor and against credit card holder for want of prosecution was without prejudice; thus, creditor was entitled to refile confirmation and enforcement action).

We conclude that Tran did not satisfy her burden to prove that Spark Funding's second UEFJA proceeding was barred by res judicata. Thus, we hold that

12

the trial court did not err in allowing Tran's motion to vacate the judgment to be overruled by operation of law on the asserted ground.

We overrule Tran's second issue.

## Conclusion

We affirm the judgment of the trial court.


Julie Countiss
Justice

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.

13