

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-25-00092-CV
_____

BURNS SURVEYING LLC, Appellant

V.

ROBERT H. BURNS AND JACOB G. PLEASANT, Appellees

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-24-46771

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Burns Surveying LLC (Surveying), a registered professional land surveyor, obtained a dismissal without prejudice against Robert H. Burns and Jacob G. Pleasant because they were required to file a certificate of merit contemporaneously with their petition but failed to do so. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (Supp.). Burns and Pleasant revived their dismissed causes of action by filing an amended petition in the same action, this time with a certificate of merit. Surveying moved to dismiss the amended petition under Section 150.002 of the Texas Civil Practice and Remedies Code, but the trial court denied its motion. Because we find that Surveying was entitled to dismissal of the action under Section 150.002, we reverse the trial court's decision and render judgment dismissing Burns's and Pleasant's claims against Surveying in this cause.

## I. Factual Background

Burns and Pleasant purchased property from Fieldside Development LLC, which provided them with a survey of the purchased property. Burns and Pleasant alleged that, after the sale, Fieldside informed them that the original survey was incorrect and would be corrected. After Surveying conducted a new survey, Burns and Pleasant sued it and others in relation to the provision of professional services. Burns and Pleasant alleged that Surveying trespassed on their property to conduct the survey and were negligent because it failed to perform the survey in accordance with their instructions.

2

It is undisputed that Burns and Pleasant did not attach a certificate of merit to their original petition. Accordingly, Surveying filed a motion to dismiss Burns's and Pleasant's claims against it pursuant to Section 150.002.

The penalty for failing to attach a certificate of merit is spelled out straightforwardly in Section 150.002(e), which states, "A claimant's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e); *see Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 492 (Tex. 2017) ("Section 150.002(e) is comprised of two straightforward sentences . . . ."). Because dismissal was mandatory, the trial court dismissed "all claims and causes of action in the above-styled and numbered cause" against Surveying without prejudice on July 15, 2024. *See LaLonde v. Gosnell*, 593 S.W.3d 212, 218, 228 (Tex. 2019) (dismissal under Section 150.002 is mandatory when the issue is not waived).

Thus, Burns and Pleasant filed an amended petition removing Surveying as a defendant and continued to litigate their claims against other defendants. But, on August 12, 2024, Burns and Pleasant filed a second amended petition in the same cause number that added Surveying back as a defendant for claims of trespass, negligence, and negligent misrepresentation in its performance of the land survey. This time, Burns and Pleasant attached a certificate of merit from Larry Busby. Surveying again moved to dismiss the claims in the amended petition, arguing that Burns and Pleasant were required to file the certificate of merit with their first-filed petition, but had not done so, and were now seeking to revive their previously dismissed causes of action through amendment. Even so, the trial court denied Surveying's motion to dismiss,

prompting this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (providing the right of interlocutory appeal).

## II.     Standard of Review

We review a trial court's order on a motion to dismiss under Section 150.002 for abuse of discretion. *TRW Eng'rs, Inc. v. Hussion St. Bldgs., LLC*, 608 S.W.3d 317, 319 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see Pedernal Energy*, 536 S.W.3d at 493–95. However, we construe Section 150.002's statutory language de novo using the well-known rules and principles discussed by *Pedernal Energy*. *Pedernal Energy*, 536 S.W.3d at 491. "A court abuses its discretion if it fails to analyze or apply the law correctly," *TRW Eng'rs*, 608 S.W.3d at 319, and when it "make[s] decisions in an arbitrary or unreasonable manner, without reference to guiding rules or principles," *id.* (quoting *Pedernal Energy*, 536 S.W. 3d at 492).

## III.     Analysis

As applicable here, Section 150.002(a) states, "any action . . . for damages arising out of the provision of professional services by a licensed or registered professional" requires a plaintiff "to file with the complaint an affidavit of a third-party . . . registered professional land surveyor." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a). The term "'[c]omplaint' means any petition or other pleading which, *for the first time*, raises a claim against a licensed or registered professional for damages arising out of the provision of processional services." TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1-b) (Supp.) (emphasis added).

Burns's and Pleasant's original petition raised claims against Surveying, a registered professional land surveyor, for the provision of professional services. That required their

4

petition to be accompanied by a certificate of merit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1-c) (Supp.). Because they did not comply, the trial court dismissed all of Burns's and Pleasant's claims and causes of action. Where, as here, "a trial court chooses to dismiss a complaint without prejudice, and a plaintiff files a new action which includes the appropriate certificates of merit with the first-filed petition in that action, the plaintiff has complied with the statute." *Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church, Vidor*, 551 S.W.3d 320, 324 (Tex. App.—Beaumont 2018, no pet.). Here, Burns and Pleasant did not file a new action. As a result, the question becomes whether Burns and Pleasant could avoid the filing of a new action in favor of filing an amended complaint in the same action.

Burns and Pleasant cite to the San Antonio Court of Appeals' recent determination that a party can simply amend its pleadings to cure a dismissal under Section 150.002(e), but the Texas Supreme Court has granted a petition for review on this issue and has yet to issue its opinion. *Studio E. Architecture & Interiors, Inc. v. Lehmberg*, 690 S.W.3d 725, 728–29 (Tex. App.— San Antonio 2024, pet. granted).[1] In any case, we find that existing Texas Supreme Court precedent and the statutory language control the determination of this issue.

The Texas Supreme Court has already determined that "failure to file a certificate of merit with the original petition cannot be cured by amendment." *Pedernal Energy*, 536 S.W.3d at 494 (quoting *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 395 (Tex. 2014)); *see TRW Eng'rs, Inc.*, 608 S.W.3d at 324. Until told otherwise, we are bound to follow

---

[1] *See also Miramar Petroleum, Inc. v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 215, 218 (Tex. App.—Corpus Christi– Edinburg 2016, pet. denied); *Macina, Bose, Copeland & Assocs. v. Yanez*, No. 05-17-00180-CV, 2017 WL 4837691, at *3 (Tex. App.—Dallas Oct. 26, 2017, pet. dism'd) (mem. op.).

that precedent. Moreover, the statutory language dictates the result reached in *Pedernal* and *Crosstex*.

Section 150.001(1-b) of the Texas Civil Practice and Remedies Code contains a specific and unique definition of the term "[c]omplaint," which compels only one result. TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(1-b). The term is defined as a petition "which, for the first time raises a claim against a . . . registered professional." *Id.* The statutory scheme calls that a "contemporaneous filing requirement." TEX. CIV. PRAC. & REM. CODE ANN. §150.002(c). In each action, there can be only one petition that raises claims against a particular registered professional defendant for the first time. As a result, a certificate of merit "must be filed with the first-filed complaint raising the claim 'for damages arising out of the provision of professional services by the licensed or registered professional.'" *In re Channelview Flooding Litig.*, No. 01-22-00946-CV, 2024 WL 5249085, at *4 (Tex. App.—Houston [1st Dist.] Dec. 31, 2024, pet. denied) (mem. op.) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)); *see TIC N. Cent. Dallas 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 76 (Tex. App.—Dallas 2014, pets. denied); *AMEC Foster Wheeler USA Corp. v. Goats*, No. 09-18-00477-CV, 2019 WL 3949466, at *3, 5 (Tex. App.—Beaumont Aug. 22, 2019, no pet.) (mem. op.); *see also Carlson, Brigance & Doering, Inc. v. Compton*, Nos. 03-19-00954-CV, 03-19-00955-CV, 03-19-00956-CV & 03-19-00957-CV, 2020 WL 7233612, at *4 (Tex. App.—Austin Dec. 8, 2020, pets. denied) (mem. op.). Had the legislature wished to allow the refiling of an amended complaint to cure the deficiency, it easily could have done so. Instead, it made clear that a party who does not comply with the contemporaneous filing requirement faces mandatory "dismissal of the complaint

6

against the defendant." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e). The remaining litigation in the action continues if there are multiple defendants.

As aptly explained by the Fort Worth Court of Appeals in relation to Section 150.002,

A dismissal with prejudice is an adjudication of the parties' rights; a dismissal without prejudice is not. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 653 (Tex. 2009) (orig. proceeding) [*superceded by statute on other grounds as noted by In re G.X.H.*, 627 S.W.3d 288, 295 (Tex. 2021)]. That is, a dismissal with prejudice operates as res judicata to bar the dismissed claims. *See, e.g.*, *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865–66 (Tex. 2010). But a dismissal without prejudice means that the same claims may be refiled in an entirely new cause. *Cruz v. Morris*, 877 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1994, no writ) (explaining that "[a]ny dismissal order stating it is without prejudice to refile refers to refiling in a new cause of action, not simply filing an amended petition within the same cause").

*CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 461 S.W.3d 627, 630 (Tex. App.—Fort Worth 2015, pet. denied) (second alteration in original).

The Texas Supreme Court's finding that subsequent amendment will not cure a Section 150.002 deficiency in *Crosstex* is sound. *Crosstex Energy Servs*, 430 S.W.3d at 395. There is only one first-filed petition against a particular professional in each action. Here, it was the original petition. Because Burns and Pleasant did not comply with Section 150.002's requirement to file a certificate of merit in their first-filed petition, they did not meet the contemporaneous filing requirement. As a result, Surveying was entitled to dismissal of the second amended petition against it.

7

## IV. Conclusion

We reverse the trial court's judgment and render judgment dismissing Burns's and Pleasant's claims against Surveying in this action, without prejudice.

Scott E. Stevens
Chief Justice

Date Submitted:    January 27, 2026
Date Decided:      March 20, 2026